## Anna Horaburda, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,108.

1. CONTRIBUTORY NEGLIGENCE—*when persons using sidewalk known to be out of repair not guilty of, as a matter of law*. If the jury believed that the negligent maintenance of the sidewalk by the city presented an embarrassment of dangers to plaintiff in going to her residence, and that she was reasonably careful in selecting the better of the boards in the walk in her hurried progress to her dwelling, then they were justified in concluding that she was in the exercise of due care for her own safety.

2. INSTRUCTIONS—*when as to duty of city with respect to its sidewalks improper*. Instructions upon such subject should observe the distinction which exists in general parlance and by common understanding between streets and sidewalks. If the sidewalk is meant the instruction should so state and an instruction not observing this distinction is improper.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 2, 1910.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; MADISON R. HARRIS and CHARLES C. GILBERT, of counsel.

GEORGE E. GORMAN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff sued to recover from the city of Chicago damages for a personal injury resulting to her from falling on a defective sidewalk negligently maintained by the municipality. On a trial before the Superior Court and a jury plaintiff recovered a verdict and judgment for $2,500 and the city appeals and argues that the judgment should be reversed for errors of a prejudicial nature occurring during the trial.

Counsel for defendant argue that the judgment is not sustained by the evidence, because the evidence demonstrates that plaintiff knew of the defect in the sidewalk, but fails to show that she took any "extra care" to avoid the danger known to lie in her path by reason of such known defect. Also error in the refusal of the trial judge to give instructions numbered 15, 16, 17 and 18, and in admitting incompetent evidence, and that the judgment is contrary to the weight of the evidence and the award of damages excessive.

On June 11, 1903, plaintiff sustained the injury, as compensation for which the jury awarded damages which culminated in the judgment involved in this appeal, by falling upon a sidewalk in front of her residence in Chicago while returning from a marketing errand at the unusually early hour of 4:30 in the morning. This sidewalk had been out of repair for some time and its defective condition was known to plaintiff. Counsel for the city say in their brief that plaintiff "was carrying a basket of groceries on her left arm. 'She was an awful stout woman, weighed about one hundred and fifty-five to one hundred and sixty pounds.' The sidewalk where appellee fell was in a very dangerous condition and had been so for over a year. Appellee had known the sidewalk was dangerous for at least eight months before the accident, had passed over it at the place of the accident during that period three or four times a day. The injuries sustained by appellee as the only direct result of the fall were, right leg skinned, shoulder contused and bruised, fracture of the eighth and ninth ribs and

bleeding from the nose." Without conceding the
verity of the foregoing statement, there is sufficient
in it, by way of admission, to fasten upon the city negli-
gence in permitting the place where the accident oc-
curred to become and remain dangerous for travel,
and to show injuries sustained by plaintiff sufficient
to justify an assessment of damages, unless some neg-
ligence on the part of plaintiff, or imputable to her
as a matter of law, contributed to bring about the in-
juries which she admittedly sustained at the time and
place in question. At the close of the evidence for
plaintiff the city requested that the jury be peremptor-
ily instructed to bring in a verdict exonerating it from
liability, which was refused.

Plaintiff testified that the board on which she
stepped broke under her, causing her to fall, and that
while there were many patches on the walk, there was
no patch on the plank at the place where she fell.
The testimony of the witnesses quoted by counsel for
the city in their brief shows that the walk was rotten
and most dangerous for travel and had been in such
condition for more than eight months. If the board
on which plaintiff stepped was apparently safe, being
in the condition it was, according to the contention
of defendant, as sustained by the proof, surrounded
by many rotten and patched boards, then it was for
the jury to determine from all the facts whether, under
the circumstances and conditions which environed
plaintiff at the time, she was in the exercise of due
care for her own safety or guilty of negligence con-
tributing to the accident resulting in the injuries for
which she was seeking compensation from the city.
The court did not err in refusing to give the proffered
peremptory instruction. If the jury believed that the
negligent maintenance of the sidewalk by the city pre-
sented an embarrassment of dangers to plaintiff in
going to her residence, and that she was reasonably
careful in selecting the better of the boards in the
walk in her hurried progress to her dwelling, then

they were justified in concluding that she was in the exercise of due care for her own safety, without doing violence to the principle announced in Lovenguth v. City of Bloomington, 71 Ill. 238, or any of the other cases cited in defendant's brief on this point.

If knowledge of the condition claimed for the sidewalk by the city in front of plaintiff's dwelling would inhibit plaintiff from going into or coming out of her dwelling to the street, then, by parity of reasoning, plaintiff and her family would be relegated to the alley and rear entrances, if the doctrine contended for by defendant, that such knowledge of the out of repair condition of the walk bars recovery, is the law. Such contention, when carried to its logical sequence, borders on the absurd. What constitutes the exercise of reasonable care depends to a great extent on environing conditions, and as said in Wallace v. City of Farmington, 231 Ill. 232: "The use of a defective sidewalk by a person who has knowledge of the defect is not negligence *per se,* and if while walking upon that sidewalk such person is in the exercise of ordinary care for his or her safety, there may be a recovery in case of injury." City of Mattoon v. Faller, 217 ib. 273. Knowledge of the condition of the sidewalk is a circumstance to be considered by the jury in arriving at a conclusion as to whether plaintiff was in the exercise of due care. City of Flora v. Nancy, 136 ib. 45.

Instruction 15 was rightfully refused because it predicated the right of recovery upon the injuries causing the accident, when it is patent the converse of the proposition is the law. Speaking from the record, these are the words referred to: "unless the plaintiff has also proven by a preponderance of the evidence that the *injuries* and *disabilities,* if any, sustained by her, *were the direct and immediate cause of said accident.*" Instruction No. 16 was sufficiently embraced in No. 10 given to the jury. The reference to the duty of the city in the maintenance of its streets was calculated to mislead the jury, as the duty of the

city in controversy was limited to sidewalks, and while the walks on either side of a public highway are technically a part of the street, still there is a distinction in general parlance and by common understanding between streets and sidewalks. We think instruction No. 17 was too broad in telling the jury, in effect, that if plaintiff knew that the sidewalk was dangerous before entering upon it, and with such knowledge proceeded upon it and was injured, then she could not recover for such injuries. To walk upon a sidewalk out of repair is not negligence *per se*. The court having instructed the jury that before plaintiff could recover she must sustain by proof that she was in the exercise of ordinary care to avoid injury, was sufficient. City of Flora v. Nancy *supra*. Instruction No. 9 given to the jury embodied substantially every material principle comprised in instruction 18 refused. We find no error in the rulings of the court on the instructions.

The ruling of the court on questions asked Dr. Harris and answered over the objection of defendant did not invade the province of the jury to determine the ultimate fact in relation to the ailments from which plaintiff suffered and such as were attributable to her fall on the sidewalk.

The award of compensation for plaintiff's injuries rested with the jury. We are not able to say, even conceding for the moment that the pleuro-pneumonia which attacked plaintiff after the accident was not traceable to the accident, that the award is excessive. The injuries which she admittedly suffered as the result of the accident were of a sufficiently serious character to warrant the assessment of damages made by the verdict of the jury. We see no cause justifying a belief that the jury were influenced by passion, sympathy or prejudice in their assessment of damages, nor can we say that such award is excessive or contrary to the manifest weight of the evidence.

There is no reversible error in this record, and the judgment of the Superior Court is affirmed.

*Affirmed.*