## Mary Czerniak, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,500.

1. PLEADING—*when motion in arrest properly denied.* If a declaration in an action for personal injuries alleges an unavoidable injury but does not allege the exercise of ordinary care, the said declaration not having been demurred to, a motion in arrest is properly denied.

2. CONTRIBUTORY NEGLIGENCE—*when question to be determined by jury.* Where the injury complained of resulted from a fall upon a sidewalk, *held*, that it was for the jury to determine whether the plaintiff was at the time in the exercise of ordinary care, where the evidence tended to show that the walk had been out of repair for several months prior to the accident, that the plaintiff had occasion to go over it at different times, that there was some snow upon the walk, and that the plaintiff was using the walk in the same way as many other people who had occasion to go over it.

3. EVIDENCE—*what testimony of physician competent.* *Held*, that the testimony of a physician as to a condition found by him two years after the accident complained of, was competent, where such physician gave it as his opinion that the condition so found was due more or less directly to such accident.

4. INSTRUCTIONS—*what improper as to effect of use of sidewalk known to be in disrepair.* In an action on the case for personal injuries resulting from a fall upon a defective sidewalk, it is proper to refuse an instruction which in effect would have advised the jury that it was negligence *per se* in the plaintiff to use the walk if she knew at the time it was in bad repair. An instruction, likewise, in such a case, ought not be given if the effect of it would merely be to tell the jury that there was a presumption that the plaintiff was guilty of contributory negligence if the plaintiff knowing the condition of such walk persisted in using it.

Czerniak v. City of Chicago, 161 Ill. App. 360.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed April 18, 1911.

**Statement by the Court.** Suit was brought by Mary Czerniak against the city of Chicago for injuries alleged to have been sustained by her in December, 1903.

Proof tended to show that she was a married woman, thirty-seven years of age; that while walking toward a butcher shop on Thirty-first street she slipped or stumbled on a board that had been placed over a crack in the sidewalk; that underneath the walk where the accident occurred there was a storage place for coal, and to prevent leakage tin had been nailed over the cracks in the sidewalk in one or more places. After falling, she walked across the street, sat on the sidewalk for a time, and then returned to her residence, a second story flat, walking up the stairs unaided. She called on a neighbor in the flat below and did another errand. She remained without medical attention for three days, though she was dizzy and suffered pain. On the third day she had a miscarriage, the foetus being of about twelve weeks' development. She was attended by a physician, who made an examination but found nothing to indicate the need of additional treatment. This miscarriage was due to the fall. Two years later an umbilical hernia developed, which she treated herself. In the meantime she performed household duties, chopped wood, aided the family by washing, and continued in this way for four years.

The testimony of the doctors was to the effect that the miscarriage was the result of the accident, and that the umbilical hernia which developed was also indirectly due to the accident.

Trial was had before court and jury, resulting in a verdict of $5,000. A *remittitur* of $1,000 was made and judgment rendered for $4,000.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; HENRY J. FRERCKS and ROBERT R. BALDWIN, of counsel.

FRANCIS X. BUSCH and FRANK A. ROCKHOLD, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

We are asked to reverse the judgment on the ground that the motion in arrest of judgment should have been sustained because the declaration did not aver that the plaintiff was in the exercise of due care and caution at the time of the accident.

The declaration was not demurred to. It did not have the usual averment that "the plaintiff was then and there in the exercise of due care and caution," etc., but recited that "the plaintiff, who was then and there passing along and upon said sidewalk, at the point aforesaid, then and there necessarily and unavoidably tripped and stumbled upon and against one or more of said broken, loose and unfastened planks of said sidewalk," etc. Practically the same expression appears in the first and second additional counts. It is quite probable that the declaration in this particular would have been amended if a demurrer had been interposed.

The question now is whether the motion in arrest of judgment should have been sustained. In the case of B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535, the Supreme Court said, adopting the language of the Appellate Court:

"On behalf of the appellant it is urged the motion in arrest of judgment should have been sustained, on the ground there was no averment in the declaration that deceased was in the exercise of due care at the time of the accident. Conceding the declaration to have been demurrable because of such omission, it does not follow that after verdict a motion in arrest of judgment, based on such defect, should be sustained. Where there is any defect, imperfection or omission in

any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by verdict. (1 Chitty's Pleading, (14 Am. ed.) 675; Illinois Central Railroad Co. v. Simmons, 38 Ill. 242; Atchison, Topeka and Santa Fe Railroad Co. v. Feehan, 149 *id.* 202). In the case at bar it is not to be presumed the jury would have given the verdict, or that the court would have sustained it, without evidence tending at least to establish the fact of due care on the part of deceased. The motion in arrest was properly overruled.''

We hold on the above authority that the motion was properly overruled.

The next suggestion by the appellant is that there was no proof that the plaintiff was in the exercise of due care. The evidence tended to show that the walk had been out of repair for several months prior to the accident; that plaintiff had had occasion to go over it at different times; that there was some snow upon the walk; that plaintiff was using the walk in the same way as many other people who had occasion to go over it. We think that under the circumstances the question as to whether or not there was contributory negligence on the part of the plaintiff was properly left to the determination of the jury.

Appellant insists that there was error in the admission of testimony. We have carefully examined the record and find no error in that respect.

Appellee's physician, Dr. Zurawski, testified as to the condition that he found the uterus in two years after the accident, and a motion made by the appellant that the testimony be stricken out was overruled. He gave it as his opinion that the condition he found two years after the accident was due more or less di-

rectly to the accident, and we think that the court did not err in overruling the motion.

The court refused to give the following instruction, as requested by appellant:

"The court instructs the jury that if you find from a preponderance of the evidence that the sidewalk in question was in a dangerous condition, and that the plaintiff, at and before the time of the alleged accident, had knowledge of such condition, then the law creates the presumption that in attempting to pass over said sidewalk with knowledge of said condition she was guilty of contributory negligence, and before she can recover in such case she must offer proof sufficient to overcome such presumption."

This instruction in effect, if given, would have advised the jury that it was negligence *per se* in the plaintiff to use the walk if she knew at the time that it was in bad repair, or at least that there was a presumption that she was guilty of contributory negligence if, knowing its condition, she persisted in using it. We do not think that is the law. In the case of City of Mattoon v. Faller, 217 Ill. 273, it is stated:

"It is, however, well settled law in this State, that, where a man knows of a defect in a sidewalk and walks thereon, his doing so with such knowledge is not negligence *per se,* as matter of law. The fact, that he goes upon the sidewalk with knowledge of the existing defect, is a circumstance to be taken into consideration by the jury with all the other facts and circumstances in determining the question, whether he was guilty of contributory negligence. The same is true as to the fact that he might have taken another route to reach his destination than the one which he actually pursued. The fact that it was possible for him to take such other route, is merely a circumstance to be taken into consideration by the jury in determining the question of contributory negligence, and is not evidence of negligence *per se,* as matter of law. All the law requires of a man, going upon a public sidewalk with knowledge that it is defective, and with knowledge that there is another way of going, is that he shall be in the exercise of ordinary care for his own safety."

At the instance of the appellant, the court gave seventeen instructions without modification, and others slightly modified. These instructions were evidently carefully drawn and based upon precedents set in the many cases that the reviewing courts of this state have had occasion to consider and, we think, in connection with those given at the request of the plaintiff, fairly and fully advised the jury as to the law which should govern it in reaching its conclusions.

Lastly, with regard to the question as to whether or not the damages awarded are excessive, we hold that while the verdict of the jury was large, the amount fixed in the judgment after the entry of the *remittitur* was not excessive.

*Affirmed.*