## William A. Dudleston, Appellee, v. City of Chicago Heights, Appellant.

### Gen. No. 16,869.

1. MUNICIPAL CORPORATIONS—*use of defective sidewalk.* The fact that plaintiff knows of the defective condition of a sidewalk does not constitute his walking thereon negligence as a matter of law.

2. MUNICIPAL CORPORATIONS—*notice to city of injury may be read to jury.* In an action for injuries from defective sidewalk, it is not error to permit a statutory notice given to the city to be read to the jury.

3. EVIDENCE—*expert testimony as to cause of injury.* In an action for injuries from a defective sidewalk, it is not error to ask a physician if the injury could have resulted from turning an ankle on a bad sidewalk, where the manifest purpose of the question is to ascertain from the witness, as an expert, whether or not the injury complained of might or could have so resulted.

Action in case for personal injuries. Appeal from the City Court of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

GEORGE A. BRINKMAN, for appellant.

CRAIG A. HOOD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant in the City Court of Chicago Heights for $300 as damages for personal injuries alleged to have been occasioned by the failure of appellant to exercise reasonable care to maintain a certain board sidewalk in reasonably safe condition for travel thereon.

The declaration charges that appellant negligently permitted said sidewalk to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith the said sidewalk was laid to be loose and insecurely fastened, and the stringers upon which said

planks were so laid to be left without their coverings of planks and to be and remain rotten, by means whereof appellee, who was then and there passing along and upon the said sidewalk in the exercise of ordinary care for his own safety, then and there necessarily slipped and stumbled upon one of the said rotten stringers and was thereby caused to fall to the ground, etc.

The evidence introduced on behalf of appellee tends to show that one of the planks which rested upon the stringers at or near the end of the sidewalk in question was loose and detached from the stringers; that the stringers were decayed; that such condition of the sidewalk had existed about a month prior to the time appellee was injured; that while appellee was walking on that portion of the sidewalk early on the morning of December 2, 1909, when it was dark, he stepped on the loose plank and his foot went "through" and upon the stringer, whereby he was caused to fall and sprain his ankle and injure and bruise his leg; that by reason of the injuries so sustained by him he was unable to work for three weeks, during which time and up to the time of the trial in March, 1910, he suffered considerable pain and inconvenience. Upon these issues of fact it cannot be said the verdict of the jury is manifestly against the weight of the evidence.

No alleged variance between the declaration and the proof, as to the precise manner in which the injury was occasioned, was pointed out by appellant in the court below, and the question of a variance, if any, cannot be raised for the first time in this court.

The mere fact that appellee knew of the defective condition of the sidewalk did not constitute his walking thereon negligence on his part as a matter of law, as seems to be contended on behalf of appellant. City of Mattoon v. Faller, 217 Ill. 273; Wallace v. City of Farmington, 231 Ill. 232; Horaburda v. City of Chicago, 154 Ill. App. 627; Czerniak v. City of Chicago, 161 Ill. App. 360.

It was not error to permit to be read to the jury the notice required by section 2 of An Act Concerning suits for personal injuries against cities, villages and towns. It was incumbent upon appellee to both aver and prove the giving of such notice. Ouimette v. City of Chicago, 242 Ill. 501. The notice is in substantial accord with the requirements of the statute, and was proper to go to the jury. If appellant conceived that it might be prejudiced by the statement appearing in the notice, it could have obviated the necessity on the part of appellee of making the proof by stipulating that the required statutory notice had been given in apt time.

Dr. Cord was asked whether the injury to appellee could have resulted from turning his ankle on a bad sidewalk, and answered, "It could." It is said that this was equivalent to permitting the witness to say that the sprain which the plaintiff suffered in his ankle was caused by the bad condition of the sidewalk. The reference in the question to a "bad sidewalk" was improper, but we do not interpret the question and answer as amounting to a statement by the witness that the sprain was in fact caused by the bad condition of the sidewalk. The manner in which the injury was occasioned is not directly controverted, and it is clearly established that the sidewalk was in bad condition. The manifest purpose of the question was to ascertain from the witness as an expert whether or not the injury complained of might or could have resulted from the act of appellee in turning his ankle on the sidewalk in the manner testified to by him, and as so understood the question was not improper. Chicago City Ry. Co. v. Foster, 226 Ill. 288. Appellant was not prejudiced by the form of the question.

Four instructions were given at the instance of appellee and appellant tendered thirty instructions, of which the court gave eleven and refused nineteen. The questions of law involved were few and simple and there was no occasion for the tendering by appellant of such a multitude of instructions. Taken as a whole,

the instructions given by the court cover every possible phase of the questions properly involved, and are not prejudicially erroneous.

While the amount awarded as damages is liberal, it is not so excessive as to warrant interference by us.

There is no reversible error in the record and the judgment is affirmed.

*Judgment affirmed.*