**Mary Powers, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 18,399.**

1. CITIES AND VILLAGES—*defective sidewalks.* Whether plaintiff exercises due care in passing over a sidewalk when it is in process of repair and she is fully acquainted with its condition is a question of fact for the jury.

2. EVIDENCE—*when opinion of physician as to cause of injury is admissible.* Where plaintiff fell over a water plug projecting above the level of the sidewalk, in a personal injury action against the city, negligence of defendant being admitted, the testimony of plaintiff's physician as to whether her physical condition is the result of the accident complained of is admissible.

3. EVIDENCE—*expert testimony.* The opinion of a physician as to the cause of plaintiff's injury is not conclusive but subject to be contradicted by other evidence.

4. INSTRUCTIONS—*pointing out questions of fact to be determined by the jury.* An instruction that whether or not defendant was guilty of negligence; that whether or not defendant had notice or by the exercise of ordinary care would have had notice of the condition of the sidewalk complained of; that whether or not plaintiff exercised ordinary care for her own safety; and that whether or not plaintiff is entitled to recover are all questions of fact to be determined from the evidence; is proper.

5. INSTRUCTIONS—*when no evidence to support.* Where there is no evidence on which to base a part of an instruction it is properly refused.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913. Rehearing denied May 27, 1913.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

C. H. SIPPEL and ANSON H. BROWN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This action was brought by Mary Powers, appellee, against the city of Chicago for damages on account of injuries claimed to have been sustained by her by tripping over a water plug projecting above the level of a public sidewalk, causing her to fall to the ground, and certain injuries resulted therefrom.

The plaintiff, accompanied by her mother, Mrs. Bridget Brown, and a neighbor, Mrs. Mary Trent, was walking with them on the north side of 23rd street in the city of Chicago between Leavitt street and Irving avenue, on September 24th or 25th, 1909. The three women were carrying some baskets of peaches. The plaintiff tripped over a water plug projecting above the sidewalk and fell face forward. At that time she had been pregnant about four and one half months.

Her mother and Mrs. Trent assisted her to her home nearby, and after about fifteen minutes the plaintiff retired. During the night she felt pains in her back and abdomen. Hemorrhages and pain in her back followed. She had a miscarriage and was taken to a hospital on October 18th or 19th following. She was there put to bed, and an operation was performed upon her while she was under the influence of an anaesthetic. She remained in the hospital a week and was then taken home and remained in bed at home over a week. She subsequently was able to be about the house during some parts of the day. The evidence tends to show that she has never fully recovered from her injuries, and about September 5, 1910, she gave premature birth to a child.

The place of the accident was about 150 feet east of her house. At the time she fell over the plug it was dark.

On the trial, the jury found for the plaintiff and assessed her damages at the sum of $3,000. and the court, after overruling a motion for a new trial and a motion in arrest of judgment, entered judgment upon the verdict.

It is urged as a ground of reversal that the evidence on behalf of the plaintiff fails to show that the plaintiff was exercising ordinary care for her own safety, and that she was guilty of contributory negligence. The ground upon which this claim is made is that the evidence shows that she resided within about 150 feet of the water plug and must have known of its existence prior to the time when she stumbled her foot against it. This, we think, is hardly a correct statement of the evidence for, while the plaintiff admits that she may have seen the water plug prior to the accident, it does not show that she knew of its existence. The evidence tends to show that she had passed the portion of the sidewalk in which the plug was sticking up not more than a half dozen times prior to the accident, and that she might have seen the plugs but never had her

attention directed to them and never took any notice of them. She had resided in her then place of abode only since the 24th of June preceding the accident, and she did not frequently pass over this section of sidewalk. It appears that the sidewalk had been torn up at the place in question about six months prior to the accident, and cinders laid down for people to walk upon, and that two water plugs or pipes extended up several inches above the cinders, and it was not barricaded. The section of the sidewalk in question was east of plaintiff's house, and she had no occasion to pass over it frequently, and while she says she may have noticed it, we do not regard that as evidence to the effect that she had full knowledge of the existence of the plug or such familiarity with the condition of the sidewalk as to put her upon notice of its condition. Even if she had known of their existence before the time of the accident, she would not necessarily be held to be guilty of contributory negligence in passing over the sidewalk when it was dark. Whether she was exercising due care in passing over the sidewalk and at the time of her injury, even if she knew that it was out of repair or in process of repair, was a question of fact for the jury to determine. *City of Mattoon v. Faller,* 217 Ill. 273. The evidence shows that the color of the cinder walk and the water plugs was dark, and that this rendered it difficult to see the water plugs in the dark. The testimony of the plaintiff and her witnesses is that immediately after the accident they examined the walk and looked for the object over which the plaintiff had fallen, and then for the first time discovered the plug within a few inches of plaintiff's foot.

If the evidence in the case shows that the plaintiff was fully acquainted with the condition of the sidewalk in question, it would still be a question for the jury as to whether she was in the exercise of ordinary care, or whether she was guilty of contributory negligence. *Wallace v. City of Farmington,* 231 Ill. 232: *Hora-*

*burda v. City of Chicago,* 154 Ill. App. 627.   The verdict of the jury ought not to be disturbed upon the question of the want of the exercise of ordinary care or contributory negligence upon the evidence in the record.

Dr. Cupler, the attending physician of the plaintiff, was called as a witness on her behalf, and after testifying as to her condition from knowledge he derived as her attending physician, a number of hypothetical questions were put to him.   Appellant lays stress upon the following examination as erroneous.   The doctor was asked the following question:

"Q.   Doctor, assuming that a lady about twenty-five years of age, while walking along a sidewalk, falls over a water plug about six or seven or eight inches above the surface of the ground; that after she has fallen she is assisted to her feet by two ladies, taken to her home, which was about 150 feet away; that there she is put to bed about fifteen minutes after the accident had occurred; that at that time she was and had been pregnant about four and one-half months; that during the night she awoke and had pains in her abdomen and back;   the next day she discovered some hemorrhage from the womb, and in the evening went to a physician; that the physician made an examination of the lady and found some hemorrhage, and also made an internal examination, and examining the womb and examined the lady outside, and that he found she had been injured somewhat internally.  Have you an opinion as to what the case—"

"The Court:   Just a minute.   Isn't there further evidence than that here?

Mr. Emrich:   I object on account of the internal injuries and that sort of thing.    *    *    *

The Court:   Did you find internal injuries?

A.   No sir.

The Court:   Strike internal injuries out of the question.

Q.   Then, doctor have you an opinion as to the cause of those injuries and of that hemorrhage?

The court ruled that he might answer over objection.

A.   Yes, I have an opinion.

Q.   What is that opinion?

A.   I think the fall Mrs. Powers says she received, I think that caused the condition.

Q.   Your opinion, in other words, is that the fall would be the cause of that condition?

A.   Yes, sir.''

Counsel for appellant then moved to strike out the answer but the court allowed it to stand. We assume the motion to strike relates to the last or modified answer.

It is now insisted that the court erred in allowing the answer of the doctor to stand, for the reason that he stated that the condition of the plaintiff was caused by the injuries which Mrs. Powers says she received; that this was not an answer to the hypothetical question, and the witness assumed something entirely outside of the question. It is argued that the court allowed the doctor's conclusion to be substituted for the finding of the jury on an ultimate fact in issue in the case, and that his answer was not in reply to a hypothetical question, but was based upon what his patient had told him. There seems to be not only an apparent but a real confusion in the authorities in this state upon the subject of expert testimony and particularly upon the question as to when an expert witness may be allowed to testify to cause and effect in a given case. In the case of *City of Chicago v. Didier*, 227 Ill. 571, the court recognizes that there is an apparent confusion in the authorities on the question as to whether in such cases as this a medical expert may be asked his opinion as to whether the physical conditions of the injured party are the result of the accident complained of. In that case, a hypothetical question was put to the expert witness who had heard the testimony of the attending physician and also other testimony. The witness was asked to assume that the accident occurred in the manner described and to assume the truth of the testimony which he had heard, and was

then asked as to what he would say was the cause of the uterine and pelvic condition, and the witness gave it as his opinion that it resulted from the accident complained of. The court held that there was no error in the admission of the opinion of the witness in evidence. The court then discriminated between that case and *Illinois Cent. R. Co. v. Simth,* 208 Ill. 608, and states that the apparent confusion of the authorities arises from a failure to distinguish between cases where the manner in which the injury is received is admitted and cases where the manner of the injury is denied, and holds that *Illinois Cent. R. Co. v. Smith, supra,* belongs to the latter class of cases, and the *Didier* case to the former class. We are unable to draw any distinction between the *Didier* case, *supra,* and the case at bar. No question is made in this record as to the cause and manner of the accident. The negligence of the city is admitted, and no question is made but that the plaintiff stumbled over the projecting water plug. The question is as to whether certain physical conditions were caused by the accident complained of and, as held in the *Didier* case, *supra,* the determination of that question involves special skill and knowledge of science that does not come within the experience of laymen possessing the education or knowledge common to those moving in the ordinary walks and engaged in the ordinary occupations of life; and under those circumstances persons possessing the special knowledge, skill or science may give their opinions on the subject as the witness did in this case. The rule in the *Didier* case has been followed in *Chicago Union Traction Co. v. Roberts,* 229 Ill. 481, and *Fuhry v. Chicago City Ry. Co.,* 239 Ill. 548. Whatever our opinion otherwise might have been on the question we are controlled by these decisions. As stated in the *Didier* case, the opinion given by the witness was not conclusive and was subject to be contradicted by other evidence. It was for the jury to determine the weight

and value of such opinion when considered in connection with all the evidence in the case.

Error is assigned upon the giving of the first instruction given at the request of the plaintiff. That instruction was as follows:

"The jury is instructed that whether or not the defendant, City of Chicago, was guilty of negligence; whether or not the City of Chicago had notice or by the exercise of ordinary care would have had notice of the condition of the sidewalk complained of; whether or not the plaintiff, just before and at the time of the injury complained of, exercised ordinary care for her own safety; and whether or not the plaintiff is entitled to recover in this case, are all questions of fact to be determined by you from the evidence in this case and under the instructions of the court."

The complaint made by the appellant to the above instruction is that it did not confine the jury to a consideration of negligence as charged in the declaration. Numerous cases are cited in which instructions were under review which directed a verdict. Those cases have no application to the instruction under consideration, for it does not direct a verdict. It simply points out to the jury certain questions in issue under the pleadings, and instructs them that they are questions of fact to be determined by the jury under the instructions of the court.

Complaint is made of the refusal of instruction marked No. 18. There was no evidence in the record upon which to base the following part of the instruction: "There was a roadway or other path for pedestrians adjacent to or alongside of said alleged defective sidewalk, and that said roadway or other path was reasonably safe for ordinary travel by pedestrians thereon."

We think the other refused instructions were fully covered by instructions Nos. 1, 3, 4, 5, 10, 11, and 14 given at the request of appellant.

The judgment is affirmed.

*Affirmed.*