Sawyer *v.* Phaley.

ELBRIDGE G. SAWYER *v.* JOHN PHALEY.

*Error.  Contract.  Constructive notice.*

If the county court, in their charge to the jury, express an opinion upon the weight of certain evidence in the case, but still leave it open to the jury, as the ultimate judges of fact, to weigh and decide upon it for themselves, it is not error, although such expression of opinion may have great influence upon the verdict.

To constitute error, it must appear that the expression was such as would be likely to create the impression in the minds of the jury that the court intended to exclude the evidence entirely from their consideration ; and that such evidence had, in fact, a legal tendency to prove the issue before them.

F. transferred to the plaintiff a promissory note, before its maturity, taking therefor the plaintiff's note, payable on demand, for the amount of the note in question less the accrued interest thereon ; and gave to the plaintiff a written agreement whereby he bound himself, in case the maker of the note in question should fail to pay it when called upon, to show the plaintiff property whereby he could secure the amount, and to pay all expense of a suit, should one be brought thereon. It appeared that when F. applied to the plaintiff to buy this note, he told the plaintiff that he wanted his note to turn out as collateral security the next day, and that there was no defence to the note in question. It also appeared that there was no understanding between F. and the plaintiff that the note given by the latter should not be paid till the one in question should be collected, but it appeared that the note given by the plaintiff was still outstanding, more than a year after its date, and the plaintiff had never been called on by any one to pay it ; *Held,* that the written agreement did not, either by itself or in connection with the other evidence, show that the plaintiff held the note in question as collateral security for the one given by him to F., or that he held it in trust for F., and would not let in the defence of failure of its consideration as against the plaintiff.

The pendency of a suit in a court of record in this State, at the time of the transfer of a promissory note, in which the payee of the note is a party, and which suit affects the title to the real estate for which the note was originally given, is not constructive notice to the party to whom the note is so transferred of any defect or failure in its consideration, although he knew at the time he received the note that it was originally given for such real estate.

ASSUMPSIT on a promissory note for two hundred and fifty dollars, made by the defendant, dated March 25, 1857, and paya- ble to John Longee, or bearer, in one year from the 1st day of April next after its date, with interest annually. Plea the general issue and trial by jury, at the June Term, 1859,—BARRETT, J. presiding.

The plaintiff read the note declared upon in evidence, and rested his case.

The testimony of the defendant tended to show that the note came into the hands of one Foster soon after its execution. The defendant called the plaintiff as a witness, and his testimony tended to prove that Foster sold and delivered the note to the plaintiff on the 31st of March, 1858, and that the plaintiff was informed that the note was originally given for real estate in Tunbridge ; that for this note the plaintiff gave his own note payable on demand for two hundred and fifty dollars, Foster relinquishing the interest to the plaintiff, which had accrued on the note in suit, and that Foster gave the plaintiff a writing, of which the following is a copy :

"This agreement entered into this 31st day of March, 1858, by and between E. S. Foster of Royalton, and E. G. Sawyer of Topsham, witnesseth, that whereas the said Foster sold to the said Sawyer a note for two hundred and fifty dollars, with one year's interest on the same, signed by John Phaley of Tunbridge, the said Sawyer paying to the said Foster the amount of said note, the said Foster not claiming the amount of the interest, and whereas the said Sawyer being unacquainted with the said Phaley or his responsibility to pay the note, I hereby bind myself to the said Sawyer that should the said Phaley fail to pay the amount of the said note when called upon, that I will give him information and show him property whereby he can secure the amount, and will pay all expenses of a suit should there be one brought." (Signed) " E. S. Foster."

The plaintiff also testified, on his examination by the defendant, that when Foster applied to him to buy the note in suit, he told the plaintiff that he wanted his note to turn out on collateral security the next day on a trade he was proposing to make ; that there was no understanding between him and Foster that the note given by the plaintiff should not be paid till the note in suit should be collected; that Foster was not carrying on this suit, nor was there any contract in relation to it except the written one above set forth ; that the plaintiff was told by Foster when he bought the note that there was no defence to it ; that the plaintiff did not know there was any dispute about the title to

the land, for which the note was given ; that he first heard of a suit pending in Windsor county, affecting the note in suit, when at Chelsea at the January Term, 1859, of the county court ; and that the note given by the plaintiff to Foster for the one in suit was still outstanding, and the plaintiff had never been asked to pay it by any one.

The defendant introduced evidence of the pendency of a suit of Downer against Tarbell and trustee, and the payee of the note in suit as claimant, in the Windsor county court, and in the supreme court in that county, at the time of the transfer of the note in question by Foster to the plaintiff affecting the title to the real estate for which the note was originally given, together with other evidence, to show a failure of the consideration of the note ; which under the decision of the court, it is not material to set forth.

The plaintiff gave evidence tending to show that Foster received the note in question for full consideration, and that he had no notice or knowledge of defect or failure of consideration thereof till several months after he received it.

The defendant requested the court to rule that the pendency of the suit of Downer against Tarbell was constructive notice to the plaintiff that the consideration of the note in suit had failed, and therefore the plaintiff could not recover ;

That the contract between Foster and the plaintiff, above set forth relative to the note in suit, gave the plaintiff only a collateral, and not an absolute, title to the note, and therefore it was not necessary to prove knowledge or notice in fact, on the part of the plaintiff. of the want of consideration ;

That if the plaintiff was merely nominal plaintiff for and in behalf of Foster, notice to Foster would be notice to the plaintiff ; and that the contract between the plaintiff and Foster, above recited, tended to prove that Sawyer was merely nominal plaintiff and had no interest in the note.

The court declined so to rule, but charged the jury as follows . that if the plaintiff was a *bona fide* holder of the note for a valuable consideration, and received it before it became due without any notice or knowledge of any defect or failure of consideration, then he would be entitled to recover ; but though he might have

received it upon full consideration paid and before it fell due, still if he had notice or knowledge of any defect or failure of the consideration upon which the note was given, it would be subject, in the plaintiff's hands, to the same defence on that account as it would be if in the hands of, and sued by, the payee; that if the plaintiff was only nominal plaintiff, for and in behalf of Foster, then notice to Foster of any defect or failure of consideration would have the same effect upon the right of recovery in this suit as it would if the suit was brought by and in the name of Foster, and the judge remarked to the jury that he saw no evidence in the case tending to show that the plaintiff was merely a nominal holder of the note; but that if the jury should find from the evidence that Sawyer was merely nominal plaintiff and holder for Foster, and that Foster himself at the time of receiving the note had notice or knowledge that the note was without consideration, or that the consideration had failed, then their verdict should be for the defendant; but that if Foster himself received the note *bona fide*, and for good consideration, while current, and without notice or knowledge of any infirmity or want or failure of consideration, then he could have maintained this action if it had been brought in his own name, and it might equally be maintained in the name of the present plaintiff.

Verdict for the plaintiff for the amount of the note.

To the court's declining to rule as requested, and to the foregoing charge, the defendant excepted.

*D. C. Denison*, for the defendant.

*C. M. Lamb* and *Wm. Hebard*, for the plaintiff.

ALDIS, J. If the language used by the court is to be construed as an instruction to the jury that the evidence did not tend to show that Sawyer was a nominal, and Foster the real plaintiff, or if it was incautiously expressed so as to lead the jury to suppose that the evidence introduced by the defendant for that purpose, was not to be considered by them, then it becomes our duty to inquire whether the facts proved by the defendant had such a legal tendency.

Sawyer *v*. Phaley.

On the other hand, if the language was not intended as an instruction to the jury as to the legal tendency of the evidence, and if it was not likely to be so understood by them, but was understood as merely expressing the view the judge took of the weight of the evidence, leaving it still open to them to weigh it and judge for themselves as to what it tended to prove and did prove, then the use of such language was not error.

Ordinarily, if a judge thinks the evidence has no tendency to prove the issue, he either excludes it or directs a verdict, or directly charges the jury that they are not to weigh it, and that it is excluded from their consideration. A case may be so situated, however, as to justify a departure from the general practice. Thus there may be some doubt whether the testimony does not tend to prove the issue; the party against whom it is offered does not object, preferring to have it come in and be weighed for what it is worth, rather than run the risk of having the expected judgment reversed by excluding it. In such case the evidence may properly be left to go to the jury. The court has the right to express their opinion as to its weight and tendency if they see fit, and if they do so, still distinctly leaving it for the jury to weigh it and to draw a different conclusion if it should appear differently to their minds this would not be error. Different judges take different views of their duty in this respect. The exercise of the right, the time, manner, and duty of exercising it must always rest in the discretion of the judge. It depends so much upon the particular circumstances of each case, upon the course and character of the argument and sometimes even upon facts outside of the case, such as popular excitement and external influences which affect, or are meant to affect, the feelings, prejudices and judgment of jurors, that the judge alone can properly estimate them; and it becomes at times a difficult and delicate, though none the less an obligatory duty upon him to determine what he ought to say and where he ought to stop.

It is obvious in the present case that the court below did not intend to withdraw the evidence on which the defendant relied from the consideration of the jury. On the contrary, they understood that it was not excluded, but was admitted. There is no language used in the charge indicating an intent to rule it out.

If, then, there was no such intent, the next inquiry is, was the language used likely to mislead the jury ?   The expression of the judge's opinion upon the evidence might have great influence upon the verdict ; it might influence the opinions of jurors and turn the scale,   But to be error in law it must do more than this. It must be likely to lead the jury to think that they were not at liberty to differ from the judge as to the weight and tendency of the evidence ; that he intended not merely to give his opinion upon the weight of the evidence, still leaving them as the ultimate judges of fact, to weigh and decide it as they thought right; but that he intended to instruct them to shut it out of the case, and to consider it as having no legal bearing upon the issues.

From the manner in which the language used by the court appears to have been introduced, rather as an incidental remark than as a direct charge upon the point; and from the fact that the court after that, still plainly and explicitly tells the jury that if they do find from the evidence that Sawyer was only a nominal plaintiff, and Foster the real party, then their verdict should be for the defendant, we think the jury must have understood the language as expressing only the opinion of the court upon the weight of the evidence, and not as tending to exclude it.

There can be no doubt but that this was what the judge *intended*, and we think he was not misunderstood.   This makes it needless for us to inquire whether the evidence did tend to show Sawyer to be only a nominal plaintiff or a collusive holder of the note, as the evidence tending to show it, if it did so tend, was admitted and submitted to the jury.

II. The contract between Sawyer and Foster, either standing alone or accompanied with the parole evidence, does not show that Sawyer held the note as collateral security, or in trust for Foster.   On its face it purports to be an absolute transfer of the note, with a conditional guaranty.   Foster retained no interest, but might be immediately made liable on his contract as a guarantor.   This, we think, would not let in the defence of a failure of consideration as against the plaintiff.

III. The pendency of the suits set forth in the exceptions was not constructive notice to the plaintiff of the want of consideration.

Judgment affirmed.