MATTIE WALLACE, Appellee, *vs.* THE CITY OF FARMINGTON, Appellant.

*Opinion filed December 17, 1907.*

1. MUNICIPAL CORPORATIONS—*use of defective walk by person knowing of the defect is not negligence per se.* Use of a defective sidewalk by a person having knowledge of the defect is not negligence *per se* and does not preclude a recovery for an injury sustained, provided such person was in the exercise of ordinary care for his safety.

2. SAME—*when question whether person used ordinary care is for the jury.* Whether a person who knew of the loose condition of boards in a sidewalk was using ordinary care for her safety is a question properly left to the jury, under evidence that she was walking with her sister, who was slightly in the lead, and that she tripped and fell over a loose board, which flew up as her sister stepped upon its end outside of the stringer.

3. SAME—*what tends to show constructive notice to city of defective sidewalk.* Evidence that the stringers under a sidewalk at

a certain place were rotten and the boards thereon loose and sunken below the level of the walk, and that such condition had existed for several months, tends to show constructive notice to the city of such defective condition.

4. INSTRUCTIONS—*when omission of element from instruction is cured.*  A defect in an instruction in a sidewalk injury case, which consists of omitting from the statement of the degree of care required of the plaintiff the element that such care must be commensurate with her knowledge of her surroundings at the time, is cured where the omitted element is supplied in another instruction, so that the two, read together, state the law on the subject fully and accurately.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. R. J. GRIER, Judge, presiding.

This is an appeal by the city of Farmington from a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Fulton county for the sum of $1000, rendered at the May term, 1906, against appellant, in favor of appellee, in an action on the case for personal injuries.  The appeal from the Appellate Court was perfected on June 20, 1907.

The declaration consists of two counts.  Both charge the city with negligence in suffering a sidewalk to be and remain in an unsafe condition, and aver that as a consequence thereof appellee fell and sustained the injury complained of.  The first count charges that the city had actual notice and the second that it had constructive notice of the defect.  To the declaration the general issue was interposed.  At the close of all the evidence the court denied the motion of appellant for a peremptory instruction.

From the evidence offered on the trial it appears that the sidewalk in question was composed of boards about five feet in length and from eight to twelve inches in width, laid crosswise on either three or four stringers placed on the ground.  Appellee contends that for some time prior to the

date of the injury this walk at the place where the accident occurred had not been in good repair; that some parts of the stringers had rotted away and that some of the boards were loose. On November 25, 1903, shortly after noon, appellee, a woman about sixty years of age, and her sister, started to go from their home in Farmington to the business part of the town and were passing over this walk. When they reached the part of the walk in question, the sister, who was on the inside of the walk, stepped on the end of a loose board, causing the other end to fly up and trip appellee, who fell and sustained a severe injury to her right wrist.

Appellee's testimony showed not only that the walk had been unsafe for some time but that she was fully acquainted with its condition. She stated that she had at other times "kicked out the board" that caused her to fall on this occasion. Evidence offered for the city tended to prove that this walk was inspected by its superintendent of streets the day before the accident occurred, and that the walk was then in a good state of repair.

It is contended by appellant (1) the court erred in refusing to direct a verdict for appellant; (2) the court erred in passing on instructions.

A. A. LUCKEY, THOMAS D. MASTERS, and HARDIN W. MASTERS, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant insists that the court erred in overruling its motion for a peremptory instruction for two reasons: First, because there is no evidence that appellee was in the exercise of due care for her personal safety at the time of the accident; and second, because there is no evidence that the city had notice, actual or constructive, of the defect in the walk which was the cause of the injury complained of. In pass-

ing upon this assignment only the evidence most favorable to appellee can be considered.

It appears from the testimony of appellee that she was walking along the sidewalk in her usual manner, with her sister; that her sister stepped on the end of a loose board and caused the other end to fly up in front of appellee, who tripped and fell over the same. Appellee says that she knew that the sidewalk was defective and the boards loose, and it is urged that it appears that she was not in the exercise of ordinary care for the reason that she permitted her sister to be a trifle in advance of her as they passed along the walk, making possible the occurrence of the accident. The use of a defective sidewalk by a person who has knowledge of the defect is not negligence *per se,* and if, while walking upon that sidewalk, such person is in the exercise of ordinary care for his or her safety, there may be a recovery in case of an injury. (*City of Mattoon* v. *Faller,* 217 Ill. 273.) As we understand appellant's argument, it leads to the conclusion that if appellee saw fit to use this sidewalk she should either have passed over it alone or should have kept exactly abreast of her sister, both stepping on the same board at the same instant. It is to be observed that if the sister had not stepped on the end of the loose board *outside the stringer* the accident would not have resulted, so that both might have passed along the sidewalk in perfect safety even though they were not precisely even with each other. The question whether the appellee was in the exercise of ordinary care was properly left to the jury. There is no evidence that the appellant had actual notice of the defective condition of this walk. Appellee herself testified that the stringers under this board were rotten, and that the boards on the walk had been loose at that place since the August preceding,—a period of more than two months. Another witness, Clarence Graham, testified that before the accident to appellee part of the stringers had rotted out at the place where the accident occurred, so that there was nothing to nail the boards to, and that the

boards at that place, on account of the rotten condition of the stringers, were loose and "sunk quite a bit in the sidewalk," and that this condition existed from May, 1903, until the time of the accident, in November of that year. This evidence tended to show that the city had constructive notice of the defect, as averred by the declaration. The court properly refused to direct a verdict.

It is said that the second instruction given at the request of appellee assumes that there was evidence charging appellant with actual notice of the defective condition of the walk and also assumes that the appellee was in the exercise of due care. We think this a misapprehension of the meaning of the language used. It is further contended, however, that the instruction, in requiring of appellee only "the exercise of that degree of care and caution which might reasonably be expected from an ordinarily prudent and cautious person under the circumstances surrounding her at the time," is erroneous, in that it ignores the principle that she should have acted with a degree of care commensurate with her knowledge of the defective character of the walk over which she was passing. The instruction did not exclude from the jury the consideration of her knowledge of the defective condition of the walk. Stating the situation most favorably to appellant, the instruction merely omitted that element. By the fifth instruction given on the part of appellant the jury were advised that the law imposed upon appellee the duty of exercising care and caution commensurate with her knowledge of her surroundings at the time it is alleged she was injured by the fall. The two instructions read together state the law on the subject fully and accurately.

We do not agree with appellant that the third instruction given at the request of appellee assumes that the sidewalk in question was out of repair and unsafe for use. As to this instruction it is further insisted that it is wrong in that it limits the period during which appellee must have exercised due care to "the time" at which she received the in-

jury. In several instructions given at the request of the appellant the same expression is used in fixing the same period, and appellant is therefore not in a position to insist upon this alleged error.

The fourth instruction given at the request of appellee attempted to advise the jury of the matters they might take into consideration in determining whether the appellant had exercised reasonable care and diligence to keep the walk in reasonably safe condition for use. The language used is not entirely accurate, and the instruction is perhaps objectionable for the reason that it points out certain matters that are proper for the consideration of the jury and does not specifically mention others. It does, however, require the jury, in determining the question, to consider all the evidence, and we are of the opinion that under the proof in this case it resulted in no injury to appellant. We think there is no reasonable basis for the other objections made to this instruction.

The fifth instruction given for appellee states an abstract proposition of law and might well have been refused for that reason, but it states the law with substantial accuracy, and we do not think the jury could have been misled thereby.

Appellant asked thirty-one instructions. Of these the court gave fourteen and refused seventeen. Complaint is made of the refusal of the appellant's refused instructions Nos. 1, 6, 8, 10, 13, 15 and 17. We have examined these refused instructions, and are of the opinion that the correct propositions of law therein contained are to be found in the instructions given. Consideration of all those given has led us to the conclusion that no error intervened in giving or refusing instructions that necessitates a reversal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*