ROSE MAY ALBERTINA DAILEY v. ALDEN BOND.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Matters Dehors the Record Not Considered on Review—Failure to Charge Jury Not to Consider Withdrawn Evidence Not Error in Absence of Request or Exception—Jurors' Affidavits Incompetent to Impeach Verdict.*

1. The Supreme Court cannot consider questions raised on trial unless they are properly and regularly presented, and cannot consider correspondence between counsel and the court which is *dehors* the record.

2. A petition to set aside a verdict because of the court's failure to instruct the jury not to consider evidence that had been withdrawn was properly denied, where the petitioner had not requested such a charge nor excepted to the court's failure to charge on the subject.

3. Affidavits of jurors are incompetent to show that they considered and were influenced in their verdict by evidence that had been withdrawn from their consideration.

COMPLAINT for bastardy. Trial by jury at the June Term, 1919, Orange County, *Moulton, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The defendant brought a petition to the Supreme Court for a new trial, which was heard with his exceptions. The opinion states the case.

*Pingree & Pingree* for the defendant.

*Raymond Trainor* for the plaintiff.

SLACK, J. During the trial certain evidence was admitted, subject to the defendant's exception, and later, at his request, it was withdrawn from the consideration of the jury. The exception to the admission of such evidence is not relied upon; but,

after verdict and judgment against him, the defendant brought a petition to the county court asking that the verdict be set aside and a new trial granted him, because the court failed to instruct the jurors, either at the time such evidence was withdrawn from their consideration, or in its charge, not to consider the same; and because they did not know that such evidence had been withdrawn from their consideration, but considered it, with the other evidence, and based their verdict largely thereon. The petition was denied, and the defendant had an exception.

[1]   The exceptions filed do not show that any specific ground for the exception to the denial of his petition was stated by the defendant. The draft of exceptions presented to the presiding judge contained the following: ''For that the exercise of discretion by the court in overruling defendant's motion was an abuse of discretion, and the court should have granted the motion.'' This was evidently stricken out by the presiding judge before the draft was signed.

Counsel for the defendant call our attention to a letter from the presiding judge to them, in which he says, in substance, that upon examination of the transcript he found that the defendant did state as a ground for exception the reason given in the language quoted, and that he would amend the exceptions accordingly, if so desired. It is not claimed, however, that anything further was done, respecting this mistake. This correspondence is *dehors* the record, and cannot be considered by us. We are confined to the exceptions before us, and cannot consider questions that might have been, or were, raised in the trial below, unless they are properly and regularly here.

[2]   But we think that the petition was properly denied. The court was not requested to instruct the jury to disregard the evidence that had been withdrawn from their consideration, nor was an exception taken to the failure of the court to charge on this subject. This is evidently an attempt to take advantage, in this manner, of a question which the defendant neglected to avail himself of in the trial below; and one which the court, had its attention been called to the claimed omission, at the time, would have undoubtedly corrected.

The defendant says that it was the duty of the court to correctly instruct the jury on all questions of law involved in the case, even though not requested to do so. That is true, but it was equally the duty of counsel, if the court failed to do this, to

call its attention to the claimed shortage, or error, so that it might, then, be corrected. It would be extremely unfair to the court and to the opposing party to permit an attorney to allow a trial to proceed to an adverse conclusion, and then have a retrial because the court had failed to charge upon some point which the attorney had permitted to be passed unnoticed. Such is not the rule of practice, nor should it be.

[3] The only fact or circumstance relied upon to show that the jurors considered and were influenced in their verdict by the evidence withdrawn from their consideration was the statement of two of the jurors, in the form of affidavits, to that effect. Evidence of this character was clearly incompetent. *Marcy* v. *Parker*, 78 Vt. 73, 62 Atl. 19; *Baker & Son* v. *Sherman*, 71 Vt. 439, 46 Atl. 57; *Downer* v. *Baxter*, 30 Vt. 467. This disposes of all questions raised by the exceptions.

*Judgment affirmed.*

### PETITION FOR NEW TRIAL.

The petition for a new trial, brought to this Court, presents the identical questions raised by the exceptions, except that it is alleged in the petition that the failure of the court to instruct the jury not to consider the evidence withdrawn from their consideration deprived the defendant of a fair trial by jury.

What we said in disposing of the exceptions touching the failure to seasonably raise this question, and the incompetency of the evidence of the jurors to show what influenced them in reaching their verdict, covers this question, and all questions presented by the petition, and need not be restated.

*Petition dismissed, with costs.*