ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY v.
KIRKPATRICK.

Opinion delivered January 21, 1924.

1. APPEAL AND ERROR—FORMER APPEAL—LAW OF THE CASE.—The principles announced in the opinion of the court on a former appeal have become the law of the case.

2. TRIAL—INSTRUCTION—SINGLING OUT CIRCUMSTANCE.—In an action for personal injuries received in a collision with a train, after a general instruction on damages, a direction to the jury to consider infection resulting in blood-poison, if it was found that the same was caused or contributed to by the injury received, was not objectionable as on the weight of evidence, nor as singling out a particular circumstance, but was proper in view of the fact that the jury might not understand that they should consider a resulting injury.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy,* Judge; affirmed.

*W. F. Evans* and *W. J. Orr,* for appellant; *Gladish & Taylor* and *J. W. Rhodes, Jr.,* of counsel.

1. Since the complaint was in fact amended by the "substituted complaint" at the second trial, and the evidence is in some respects more favorable to appellant's contention that plaintiff's own negligence was the direct and proximate cause of his injuries, we ask the court to consider again the proposition that the plaintiff is barred as a matter of law. As supporting this contention, see 135 Mo. 440; 249 Mo. 523; 70 S. W. 734; 42 N. E. 579; 43 N. Y. 502. Regardless of plaintiff's negligence, the evidence as to appellant's negligence is not sufficient to support the verdict. 105 Ark. 299.

2. After having instructed the jury on every element of damage which the evidence justified, it was manifest error to direct the jury's attention specially to consideration of the infection resulting in blood-poison. Constitution, art. 7, § 23; 75 Ark. 86; 105 Ark. 467; 57 Ark. 512; 130 Ark. 371.

*J. T. Coston,* for appellee.

1. Uncontradicted evidence in the record shows that plaintiff was not guilty of contributory negligence; but if

contributory negligence be conceded, still it was a question for the jury to decide after comparing his negligence with that of the defendant.    235 S. W. 410; 155 Ark. 560.

2.    If the blood-poisoning, which arose a few hours after the injury, was caused by the injury, it was a proper element of damages to be considered by the jury, as much so as the original injury.    224 U. S. 582; *Mo. Pac. R. R. Co.* v. *Cathey,* 160 Ark. 153.    Moreover, paragraph 5 of the instruction on the measure of damages dealt only with the original injury, and it was necessary to add the paragraph pertaining to blood-poison, in order to let the jury know that that was to be considered in arriving at the amount of damages.    13 Cyc. 234.    In any case it was not reversible error to single out that fact appearing in the evidence.    216 S. W. 23; 93 Ark. 416.

McCulloch, C. J.    Appellee instituted this action against appellant to recover damages for personal injuries sustained, also for injuries to appellee's team of mules and wagon, which resulted from a collision with one of appellant's trains backing in the yard at Osceola. Negligence of appellant's servants was alleged in failing to keep a lookout and failing to exercise ordinary care to prevent injuring appellee and his property, after discovering the peril of the situation.

There was a former appeal in the case from a judgment in favor of appellee, and the judgment was reversed, and the cause remanded for a new trial.    155 Ark. 632. The issues in the case and the testimony introduced in support of them were set forth in detail in the opinion on the former appeal, and it is unnecessary to restate them, as they are substantially the same as in the first trial.    This court, on the former appeal, decided that the evidence was sufficient to sustain the verdict, but reversed the judgment on account of error of the trial court in its charge on the subject of contributory negligence.    The principles announced in the opinion have. of course, become the law of the case.

Liability of appellant for damage to appellee's wagon and team is conceded, but it is contended, as on the former appeal, that the evidence is not sufficient to sustain the verdict on the issue of liability for appellee's injuries, in that it showed beyond dispute that the negligence of appellee himself was the sole and proximate cause of his injury. We have carefully examined the evidence, and, in comparison with the statements made in the former opinion, we think that there is no substantial difference, and, as we said in the former opinion, we cannot say on the evidence adduced below that appellee was, as a matter of law, guilty of contributory negligence in returning to the danger zone, caused by the approach of the train, to rescue his team from danger. The evidence created an issue which justified its submission to the jury. Appellee's leg was injured by coming in contact with some portion of the wagon after it was struck by the train, or, rather, after the box-car against which the wagon was backed was struck. The injury appeared at first to be trivial, and appellee resorted to simple remedies to effect a cure and to alleviate the pain, but a few, days later blood-poisoning developed, and it became necessary to have the services of a physician, who treated appellee for the malady. According to the evidence adduced, appellee was totally incapacitated from work for about four months, suffered considerable pain during the time, and, at the time of the trial, he still had not fully recovered, and continued to suffer pain from the injury. There is also testimony that appellee's spine was injured.

After giving a general instruction on the measure of damages, against which no objection is made here, the court gave the following instruction at the request of appellee:

"6. In fixing the amount of damages, if any, on account of the injury to plaintiff, you will take into consideration the infection resulting from blood poison, if you find that the same was caused or contributed to by the injury received by the plaintiff."

Objection was made to the instruction just quoted, and it is insisted now that the court erred in giving this instruction, for the reason that it singled out the question of resulting blood poison after the subject had been fully covered in another general instruction. It is also contended that the instruction amounts to one on the weight of the evidence. We do not think that the instruction is open to the objection that it is on the weight of the evidence. If it be conceded that it should be treated as one singling out the particular subject mentioned, the answer to the argument is that, while it is not good practice to give an instruction singling out a particular circumstance in the evidence, a judgment will not be reversed on account of the giving of such an instruction. It can scarcely be said, however, that this instruction is open to the objection that it unnecessarily singles out the particular subject. It is true that the instruction dealt only with the matter of blood-poisoning as resulting from the original injury, but it was proper to instruct the jury on that subject, for the reason that this element should not have been considered by the jury as an element of damages unless they found that it was caused or resulted from the original injury. But for this instruction, the jury might not have understood whether or not they should take into consideration the blood poisoning, which was not a part of the original injury, even though it resulted from that injury. At any rate, we find no reversible error in the giving of this instruction.

It is contended that the verdict awarding compensation for personal injuries was excessive, but no reasons are pointed out why the evidence is not sufficient to sustain the award; on the contrary, we think that the evidence is sufficient.

Judgment affirmed.