EARL J. FOSS *v.* GRACE SHERWOOD.

November Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

142

*F. G. Fleetwood* and *W. E. Tracy* for the plaintiff.

*Benjamin N. Hulburd* and *Fred Webster* for the defendant.

144

SLACK, J. The plaintiff seeks to recover the amount of two checks given by defendant to W. H. Isham October 29, 1929, one for $400 and the other for $500, and interest. Both checks are payable to the order of Isham, were indorsed by him, and duly became the property of the plaintiff. Each check contains the provision, "Not to be cashed before Dec. 1, 1929." The defendant claims, and her only defense is, that these checks were in effect paid by another check for $900 which she gave Isham December 4, 1929 (three days after the other became payable), which she eventually paid.

It appeared without dispute that plaintiff's father, E. G. Foss, sent Isham to the defendant on the occasion when the $900 check was given; knew that Isham got that check; knew that it was given to take care of the former ones, and had part or all of its proceeds. So the real issue was whether E. G. Foss in what he did was acting as plaintiff's agent. The court charged the jury that the plaintiff was entitled to recover unless they found that the former checks were paid by the latter, and that they could not so find unless they found that E. G. Foss acted as agent for the plaintiff. The verdict was for the defendant, and the case is here on plaintiff's exceptions.

The merit of most of the exceptions to the admission of evidence depends upon whether E. G. Foss was agent for the plaintiff in what occurred. Much of such evidence was admitted on the assumption that such agency was or would be established—that if it was established, the evidence was competent; that if not established. the evidence was not competent. The evidence tending to show agency was such that the court as already seen submitted that question to the jury. Its charge on that subject was apparently satisfactory to the plaintiff except in two particulars, which are noticed later. In reaching the verdict it did, the jury must necessarily have found the agency of E. G. Foss established. And such finding is not here challenged in any way. After verdict, plaintiff filed a motion to set it aside on the grounds that it was not supported by the evidence and was against the weight of the evidence; and also filed a motion for judgment notwithstanding the verdict on the ground that the evidence did not tend to establish that E. G. Foss acted as his agent; both motions were denied, and plaintiff excepted. Neither of these exceptions are briefed, and therefore are treated as waived. The plaintiff did not file a motion

for a verdict at the close of the evidence. He requested the court to charge, among other things, that there was no evidence tending to show that E. G. Foss acted as his agent prior to July 1, 1930, but he did not save a valid exception to the court's failure so to do, and does not rely upon that exception here.

Thus it is apparent that there is no question before us respecting the sufficiency of the evidence to support the jury's implied finding of E. G. Foss's agency. Therefore, in considering the exceptions to the admission of evidence, we treat his agency as an established fact.

■ Isham was called as a witness by plaintiff, and during his examination was asked if he had borrowed money of E. G. Foss; and subject to exception answered that he had. If inadmissible, this was harmless. It is claimed that it was an attempt to prejudice the jury by bringing this party's name into the case, but since his name was so much in evidence later, without objection, the claim has no merit.

■ Isham testified to a talk with plaintiff concerning the checks in suit about a month after they were given and, subject to exception, testified that plaintiff told him that he had the checks and was going to deposit them, and that he (Isham) asked him not to do so. This exception is frivolous and without merit.

■ Isham testified, subject to exception, to several talks with E. G. Foss concerning the collection of these checks. This evidence was admissible if Foss was plaintiff's agent, and in the circumstances we must so treat him.

■ Subject to exception, the defendant testified to talk that she had with Isham at the time the checks in question were given and also when the $900 check was given. In his brief, the plaintiff says that "On pages 64, 65, 66, 67, 68, and 69" of the transcript he excepted to the evidence that there appears regarding these talks. The testimony on those pages covers both talks, and seven different exceptions appear. The plaintiff does not call attention to any particular part of this evidence as inadmissible, but treats it all as standing alike. The second talk was on the occasion when Isham called on the defendant at the request of E. G. Foss and got the $900 check, with the understanding that it was to take care of the two former ones. Since in the circumstances E. G. Foss is treated as agent for the plaintiff, and since he received the $900 check, or the pro-

■

ceeds of it, with knowledge of the purpose for which it was given, so much of the talk between Isham and the defendant as related to the giving of this check and the use to be made of it was admissible. In view of the method of briefing here adopted, we give no further consideration to the evidence regarding these talks. We do not search the record for reversible error. It is urged that the plaintiff did not employ Isham to interview the defendant, or authorize E. G. Foss to do so, or that he ratified Isham's acts, and consequently is not liable therefor. In the circumstances, this claim cannot avail plaintiff. If E. G. Foss was his agent and actually collected those checks, as the evidence tended to show that he did, through the medium of the $900 check, it made no difference whether E. G. Foss got that check himself or got it by the hand of Isham. The important fact is that he got it and had the proceeds of it. How he got it is immaterial.

The defendant testified that the Fosses called at her place, together, early in July, 1930, and demanded payment of the checks in question, and subject to exception, testified that while they were there she called Isham by telephone and told him that the checks had not been destroyed—he had previously told her that they had been. Whether admissible or not, this was obviously harmless.

Subject to exception, the defendant testified to a talk that she had with the two Fosses shortly after the talk which was the subject of the preceding exception. This talk also related to payment of the checks in question. The defendant's testimony that on that occasion E. G. Foss had possession of the checks and correspondence relating to them, took all of these papers from his pocket, and told her that he was "handling this business," and that plaintiff told her, in substance, that his father *had been* handling his business for him because he had more experience, was undisputed. In the circumstances this evidence was admissible.

The plaintiff excepted to the admission of the $900 check on the ground that he knew nothing about it until July after it was given. His agent knew about it, which was all that was necessary to make it admissible.

Mrs. Isham testified that she heard E. G. Foss telephone the St. Albans Bank to return some checks that his son had put into the bank through mistake. This was excepted to on the

ground that any statement made by E. G. Foss were incompetent. His agency being established the evidence was admissible.

The plaintiff closes his brief relating to the admission of evidence with the sweeping assertion that all of the exceptions taken by him that appear on twenty different pages of the transcript (giving the pages) were taken on the ground that the evidence received had no tendency to prove E. G. Foss's agency. The pages referred to are scattered through the transcript, and show innumerable exceptions. We have examined the first five and find nothing therein to substantiate plaintiff's claim. None of the exceptions appearing on those pages were taken on the ground now claimed. This being so, we give this claim no further attention. As already said, we do not search the record for reversible error, and questions presented in this manner will not be considered.

The checks in question were sent to a St. Albans bank, and were recalled by E. G. Foss, about the time the $900 check was given. Referring to these facts in his charge the court said: "It is rather a coincident that those checks were called back at that particular time, unless there is some truth to the defendant's claim. But that is for you to determine. Unless you find that the father, E. G. Foss, was the agent of the son, you cannot find that the nine hundred dollar check was used in payment of the other checks," etc. What was said about the recall of the checks was excepted to on the ground that "it tends to impress the jury with the opinion and it is argumentative on the part of the judge as to his opinion in the matter." *Seviour's Admr.* v. *Rutland R. R. Co.*, 88 Vt. 107, 91 Atl. 1039; *Baker & Sons* v. *Sherman*, 71 Vt. 439, 46 Atl. 57; and *Sawyer* v. *Phaley*, 33 Vt. 69, are cited in support of this contention. But these cases are against the plaintiff rather than for him. The court went farther in each of those cases than it did in the instant case, and was held to be within its rights. No error appears.

In its charge the court said: "In connection with whether the father was an agent or not, you may take into consideration in helping you to decide, the environment and the circumstances in this case, but cannot take into account in proving agency in the first instance the conduct and sayings of the father not in the presence of his son." To the use of the word

148

environment plaintiff excepted on the ground that agency could not be shown by environment. This is undoubtedly so; but agency, like any other fact, may be proved by circumstantial evidence. And while the court used both the words "environment" and "circumstances," since no environment was shown, or claimed, other than the circumstances, which were admitted in evidence we think such circumstances, only, was what the court meant, and that the jury must have so understood it. The use of such circumstances by the jury was not excepted to. The exception is not sustained.

*Judgment affirmed.*