MARTHA M. BUCKLIN *v.* JOHN NARKWICH.

Special Term at Rutland, November, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed January 7, 1936.

See, also, 107 Vt. 168, 177 Atl. 198.

*Fenton, Wing & Morse, Charles F. Ryan,* and *R. Clarke Smith* for the plaintiff.

*Clayton H. Kinney* and *Stanley L. Burns* for the defendant.

SLACK, J. The defendant's car collided with the car of plaintiff near her home on North Main Street, in the city of Rutland, causing personal injuries to plaintiff and damage to her car for which she is seeking to recover. Defendant had a verdict and judgment below and the case is here on plaintiff's exceptions.

North Main Street runs north and south. Plaintiff's house stands just east of it. North of her house is a driveway that extends east from the street, at nearly right angles, to her garage. A more detailed description of the locus appears in the 107 Vt. 168, 177 Atl. 198. Plaintiff was in her car intending to back it, or had backed it, from her driveway into the street when it was hit by defendant's car which was traveling north. Defendant's liability depends upon where plaintiff's car was at that time. The only direct evidence on this issue came from the parties themselves. Plaintiff testified that it was in her driveway, on her premises; defendant testified that

it was partly or wholly in the street. Each was corroborated by other evidence regarding the location of the cars, and marks on and just off the street and driveway, immediately following the accident. Mr. Baker, a member of the Rutland police force whose duty it was to investigate automobile accidents that happened within the city, was a witness for defendant, and testified, in substance, that he saw plaintiff soon after the accident, and while the doctor who had been called to attend her was still present; that she talked with him and answered all questions that he asked her; that he asked her what she was doing at the time of the accident and she told him that she was "backing from the driveway"; that she did not then tell him that she was unable to answer his questions and that he would have to come again to see her; that she was excited, nervous, and so forth; that he did not spend much time with her; and that she did very little talking to him.

The doctor testified that he found plaintiff in a "dazed condition, somewhat hysterical, that is, she was laughing and crying in turns and talking as if she just wanted to talk with no reason to talk about * * *," and there was other evidence that she was then in pain and nervous and hysterical.

The court's instructions to the jury were very brief and general in terms, and made no reference to any particular witness, or his, or her, testimony. Defendant excepted to it on the ground that the court failed to instruct the jury regarding the effect to be given to the admission of the parties, and particularly the plaintiff, made out of court; and called attention to the evidence of Baker as to what plaintiff told him about backing from the driveway. Thereupon the court charged as follows:

> "The court omitted to mention one element we will consider in reference to, bearing on the credibility of the witnesses, that is the reasonableness of the story which they have told. Of course that is one of the things that bears on the credit. You will take that into consideration, and when we said that plaintiff couldn't recover if the car was on the highway as Mr. Narkwich testified, we meant and tell you now that if the car was in that traveled portion of the highway, not necessarily

exactly where his testimony stated, but out in the highway, why plaintiff couldn't recover. And you may also consider in connection with any of the parties anything that they said in their testimony out of court, as well as in, as bearing on what was said in court.''

The defendant still insisted that the court call the attention of the jury to the testimony of Baker respecting what plaintiff told him she was doing, claiming that it was inconsistent with her testimony given in court, and that the jury should take that into consideration. The court then said to the jury:

''It is claimed here by the defendant that Mrs. Bucklin said to the officer that she was backing out. Now you will judge for yourselves whether that meant she admitted she was backing into the highway or whether she was backing down on her part. You can weigh that in connection with her testimony, as to what weight you will give it.''

Defendant excepted to this because it left the interpretation of what plaintiff said to Baker to the jury, and because the court had misquoted what she said. The court then added:

''Well, Gentlemen, I said something with reference to the testimony of the police officer Baker, said that Mrs. Bucklin stated to him when he was at her house in reference to what she was doing. The reporter will read the exact testimony. (Testimony read.) You will consider that with reference to all the testimony in the case bearing upon the credit of the witnesses and on the facts in the case. We are not speaking of this to emphasize it at all but it is called to our attention and you should have it.''

The plaintiff excepted to the supplemental charge on the ground that:

''It is the emphasizing of certain testimony without giving it the proper setting, has no bear-

ing on the question of credibility of the witnesses, it is not requested as a charge on that subject matter but on the question of admissions, and without the full and proper setting, the other evidence in connection with the situation as it there existed at the time on the uncontradicted evidence, we say that it is prejudicial to emphasize and bring it to the attention of the jury.''

It should be noted that the complaint in the instant case is not that the court expressed its opinion regarding the weight and character of the evidence in question, as we have held it may do if its force and effect is ultimately left to the jury. *Foss* v. *Sherwood*, 104 Vt. 141, 157 Atl. 834; *Seviour's Admr.* v. *Rutland R. R. Co.*, 88 Vt. 107, 91 Atl. 1039; *Baker & Sons* v. *Sherman*, 71 Vt. 439, 46 Atl. 57; *Rowell* v. *Fuller*, 59 Vt. 688, 10 Atl. 853; *Sawyer* v. *Phaley*, 33 Vt. 69. The complaint is that the court gave to the evidence in question undue emphasis by referring to it without giving it the full and proper setting, without referring to the other evidence connected with the situation.

In support of this claim plaintiff invokes the rule that it is error for the court to give instructions that unduly emphasize issues, theories, or defenses either by repetition or by singling them out and making them unduly prominent. See 64 C. J. 682; 14 R. C. L. 780, and cases cited. And the instructions in the cases cited by her, and many others we have examined, were held to violate the rule. On the other hand, in *Drown* v. *Comstock*, 318 Ill. 445, 458, 149 N. E. 507; *Whitehead* v. *Malcom et al.*, 161 Ga. 55, 129 S. E. 769; *Fidelity & Deposit Co.* v. *Torian*, 221 Ala. 131, 127 So. 829; *St. Louis S. F. Ry. Co.* v. *Kirkpatrick*, 162 Ark. 65, 257 S. W. 368; *Shepard* v. *Alden*, 161 Minn. 135, 201 N. W. 537, 202 N. W. 71, 39 A. L. R. 1094; *People* v. *Campbell*, 234 Ill. 391, 84 N. E. 1035, 123 A. S. R. 107, 14 Ann. Cas. 186; *Barker* v. *Tenn. Coal, Iron & R. R. Co.*, 189 Ala. 579, 66 So. 600; *Louisville & Nashville R. Co.* v. *Shoemaker*, 161 Ky. 746, 171 S. W. 383; *Bates* v. *Public Service Co.*, 328 Mo. 171, 40 S. W. (2nd) 665; *Wallace* v. *City of Farmington*, 231 Ill. 232, 83 N. E. 180; *Secard* v. *Rhinelander Lighting Co.*, 147 Wis. 614, 133 N. W. 45; *Powell Music Co.* v. *Storage*

*Co.,* 75 W. Va. 659, 84 S. E. 563; *Bray* v. *Railroad Co.,* 111 Kan. 60, 205 P. 1112; and *Roberts* v. *People,* 226 Ill. 291, 80 N. E. 776, the instructions were held proper, or not of such prejudicial character as to require a reversal. It is thus apparent that in applying this rule each case stands on its own merits.

The only case that we have that approaches the subject is *Morse* v. *Ward,* 102 Vt. 433, 150 Atl. 132, 133, where it is said: "It is no part of the court's duty to accentuate or give undue prominence to any fact, claim, or circumstance, and to do so may result in prejudicial error." But what is there said must be taken in the light of the situation presented, and when that is done, the case is not authority for the plaintiff. Had undue prominence been given the evidence in question in the instant case we would deem it necessary to reverse the judgment but this does not appear to have been done.

▉ The effect to be given to declarations of parties and witnesses respectively made out of court is pointed out in *Blanchard* v. *Paltiel,* 106 Vt. 510, 176 Atl. 226; *Robinson* v. *Leonard,* 100 Vt. 1, 134 Atl. 706; *Howland* v. *Day & Bean,* 56 Vt. 318 and *Law* v. *Town of Fairfield,* 46 Vt. 425. That it is proper for the court, in a proper way, to call this distinction to the attention of the jury cannot be doubted. It was apparently done, with approval, in *Ryder* v. *Vermont Last Block Co.,* 91 Vt. 158, 99 Atl. 733. And it makes no difference whether it is done in the main or a supplemental instruction. While the court did not make the proper distinction in the instant case it left the matter more favorable to the plaintiff than a correct statement of the rule would have done. The evidence of Baker as to what plaintiff told him was not denied, although she testified that she did not remember it. The jury was told that it was for them to determine what she meant by what she said to Baker—whether she meant that she was backing into the highway or was backing down her driveway, and they were told, too, that by referring to this evidence the court did not intend to emphasize it. It is urged that if this evidence was to be referred to, that regarding plaintiff's mental and physical condition at the time she talked with Baker should have been called to the atttention of the jury. The apparent desire of the court to treat the matter fairly indicates that this would have been done had it been suggested to him. The exception may have

been intended to do this, but if so it was too general, and its meaning too obscure, to serve that purpose. *Dailey* v. *Bond*, 94 Vt. 303, 111 Atl. 394.

We do not think that the charge, taken as a whole, is open to the objection thus far considered; and it certainly was not so prejudicial as to require a reversal of the judgment.

██ Other questions raised by the exceptions are not briefed, and consequently are waived.

*Judgment affirmed.*