EDITH DEGREENIA *v.* ROMANZO DROWN.

January Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and STURTEVANT, Supr. J.

Opinion filed February 2, 1937.

*Hubert S. Pierce* for the defendant.

*Porter, Witters & Longmore* for the plaintiff.

STURTEVANT, Supr. J.   This is an action of tort wherein the plaintiff seeks to recover damages of the defendant by reason of defendant's alleged negligence in the operation of an automobile, resulting in personal injuries to the plaintiff.   Plea, the general issue.   Verdict and judgment for the plaintiff.   The case is here upon defendant's exceptions.

The accident with which we are concerned in this case occurred on the main highway leading from South Barton to Barton, in Orleans County, on the 27th of October, 1935.   The time of the accident was about two o'clock in the morning.   Immediately before the accident the plaintiff was riding as a guest with several other people in a truck owned and operated by one Marcou.   This truck was at this time proceeding northerly up a grade, approaching the top of a knoll.   The defendant was driving a Ford automobile, proceeding in a southerly direction, and immediately before the accident he was ascending to the top of said knoll.   That is, from the top of this knoll the road sloped downward, both in a southerly and northerly direction.

The defendant has attempted to brief but one exception to which we now give our consideration.   The plaintiff offered as a witness one John Perham, a civil engineer and surveyor, who, in the daytime, several months after the accident, had made certain experiments with cars on the knoll where the accident occurred, and the plaintiff offered the testimony of said witness showing the results of said experiments to rebut the testimony of the defendant as to how far he could have seen the vehicle in which the plaintiff was riding at the time of the accident before the collision between the car which defendant was driving and the truck in which plaintiff was riding took place.   The record shows the following applicable to this offered evidence.   Mr. Pierce (defendant's attorney): "May I have an exception to all this evidence without interrupting?"   The Court: "Yes." Whether the witness Perham actually gave any testimony showing the results of the experiments which he performed or testi-

fied at all after the above exception was taken does not appear from the record. The defendant in his brief points to no evidence introduced at the trial bearing upon this matter. Defendant points out no evidence which he claims was given at the trial which was improperly received over his exception. Therefore, the question which defendant has attempted to raise is so improperly briefed that we are unable to give it any consideration. Supreme Court rule 8, section 5; *Zeno's Bakery, Inc. v. State,* 105 Vt. 370, at page 380, 166 Atl. 379; *Town of Brattleboro* v. *Carpenter,* 104 Vt. 158, 158 Atl. 73; *West Rutland Trust Company* v. *Houston,* 104 Vt. 204, 158 Atl. 69, 80 A. L. R. 664; *Foss* v. *Sherwood,* 104 Vt. 141, 157 Atl. 834; *In re Everett's Will,* 105 Vt. 291, 166 Atl. 827.

*Judgment affirmed.*