ALLEN WILDER *v.* WALTER R. BUDD ET UX.

January Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 7, 1939.

*P. C. Warner* for the defendant-appellant.

*Sylvester & Ready* for the plaintiff.

MOULTON, C. J. The plaintiff is the indorsee of a promissory note, signed by the defendants, who are husband and wife. Judgment was rendered below against both. The wife only has excepted.

Her claim, as made in her exceptions to the refusal of the trial court to comply with certain of her requests for findings, and to the judgment against her, is that the evidence shows conclusively that she signed the note as surety for her husband, and therefore she cannot be held liable.

This is the same issue that was passed upon in our recent decision in *McNamara* v. *Pickett et ux.*, 109 Vt. 500, 1 Atl. (2d), 716, wherein we held that since the enactment of No. 48, Acts of 1929, now P. L. 3076, a contract of suretyship by a married woman for her husband is, so far as the creditor is concerned, valid under the provisions of P. L. 3074, as an exercise of the power to bind herself and her separate property as if she were unmarried; and that one who signs a promissory note as surety stands as an accommodation party, as defined by P. L. 7166, and is therefore "liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party," such liability being primary and absolute and of the same nature and extent as the liability of a maker who has received value.

It is clear, therefore, that whether or not this defendant signed the note in suit as surety, she is liable as a maker, and we need not inquire whether the evidence shows the fact she claims.

Other exceptions, taken by her, are not briefed, and so are waived. *Bucklin* v. *Narkwich*, 108 Vt. 1, 7, 182 Atl. 207; *Valiquette* v. *Smith*, 108 Vt. 121, 125, 183 Atl. 483.

*Judgment affirmed.*