WILLIAM H. STEVENS

*v.*

DAVID W. ALLMAN *et al.*

COSTS—*on petition for survey under act of* 1869. In a proceeding under the act of March 25, 1869, for the permanent survey of lands, the costs and expenses of the suit and surveys must be apportioned among all the parties, according to their several interests, and it is error to require one of them to pay all the costs of a particular survey.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a petition, filed by William H. Stevens against David W. Allman, Henry Winter and Samuel Grunendyke,

for the appointment of a commission of three surveyors, to settle certain disputed lines dividing their lands.

Mr. B. B. Smith, for the appellant.

Mr. Justice Scholfield delivered the opinion of the Court:

This was a proceeding to establish the corners and boundary lines between certain land owners, under the act of March 25, 1869.

It appears from the record, that the report of the commissioners first appointed by the circuit court was excepted to by appellant, and Allman, one of the appellees; that the exceptions were sustained, a re-survey ordered, and new commissioners appointed for that purpose. These commissioners made a report, which was confirmed, and upon confirmation of their report the circuit court ordered that appellant and Allman pay, each one-half the costs of the first survey, and that appellant pay all of the costs of the last survey.

This appeal is prosecuted for the sole purpose of reversing that order.

The fourth section of the act under which the proceedings were had, (Laws of 1869, p. 249,) provides that "the expenses and costs of the surveys and suit shall be apportioned among all the parties, according to their respective interests."

We perceive no reason why the letter of the statute should not be adhered to. The mode of apportionment is clearly expressed, and it seems to be entirely equitable.

The order of the circuit court, in relation to the payment of costs, is reversed, and the cause remanded, with directions to that court to apportion the costs among all the parties, according to their respective interests.

*Judgment reversed.*