## McGAN ET AL. v. O'NEIL.

The essential provisions of a decree in chancery, under the old practice, could not be settled in vacation.

*Error to Probate Court of Boulder County.*

Mr. ORRIS BLAKE, Mr. R. H. WHITELEY, and Mr. GRANVILLE BERKLEY, for plaintiffs in error.

Mr. W. A. HARDENBROOK, for defendant in error.

UPON petition for rehearing, the following opinion was rendered:

BECK, J. This court, at a former term, reversed the decree of the court below, on the ground that certain essential parts

28

thereof were settled in vacation, for which reason it was held that the decree must be treated as a final decree rendered in vacation.

A review of the case upon rehearing has convinced us of the correctness of the former ruling.

The point made and relied on in behalf of defendant in error, that in contemplation of law, all the essentials of the decree were settled in term time, and its form only settled afterwards, which was simply a ministerial act that might be performed by the clerk in vacation, cannot be sustained, either upon authority or upon the practice which formerly prevailed in chancery cases.

It was the duty of the solicitor, and not the duty of the clerk, to draft the decree, and to submit it to the chancellor for his approval. *Stephens* v. *Coffin*, 39 Ill. 148; *Schneider* v. *Seibert*, 50 Ill. 285; 1 Barbour's Ch. Pr. 340, and note 7.

The settling of the form of a decree was not a ministerial act, but an important judicial act under the practice referred to; and a decree was inchoate, and liable to be changed by the chancellor in its essential provisions, until reduced to form approved by him, and filed or recorded. It then only became final, and could properly be said to be the decree of the court.

Such was the practice and rule of decision in the State of Illinois, from whence we derive our chancery act; and the construction placed upon the acts by the courts of that State, has usually been adopted by our courts. *Hughes* v. *Washington*, 68 Ill. 245. See, also, *Burch* v. *Scott*, 1. Gill & J. (Md.) 400; *Whitney* v. *Belden*, 4 Paige, 140.

No presumption obtains that any of the essential provisions of the decree in this case, except those mentioned in the minutes entered in the judge's docket, were settled in term time. Whatever conclusions the chancellor may have reached and announced in respect thereto at the hearing, were subject to be modified or rejected by him at any time afterwards, until a decree should be drafted and approved. This was not done during the term.

McGan et al. v. O'Neil.

To hold that the essential provisions of a decree may be settled in vacation, is equivalent to holding that a decree may be rendered in vacation, a doctrine in conflict with the decisions of this court, which hold that neither valid judgments at law nor decrees in chancery, could be rendered in vacation under the old practice: *Filly* v. *Cody*, 4 Col. 109; *Kirtley* v. *Marshall Silver Min. Co.* 4 Col. 111.

Nor is the decree aided by the order entered at the hearing, to the effect that when the decree should be drafted and approved by the court, it should relate back and bear date as of the day of such entry. The decree was not approved by the court, and therefore did not become the act of the court. It was drafted and approved in vacation, which being a void proceeding, it cannot be said that the decree became vitalized by virtue of the order to this effect previously entered. This would not only be to legalize a void act, but to legalize it in advance.

The action of the court, at a subsequent term, in denying a motion to vacate and set aside the decree, did not effect its legal status in any particular.

As previously adjudged, the cause must be remanded for further proceedings, without prejudice to the testimony taken and preserved. In consequence of the imperfections of the record, we are unable to pass upon the merits of the controversy, and to direct the entry of a proper decree. It does not appear that all testimony produced upon the hearing has been preserved in the record.

For the foregoing reasons, a new trial must be ordered.

*Decree reversed.*