F. M. ROBERTS, Admr.

*v.*

F. M. DOAN *et al.* Exrs.

*Opinion filed June 17, 1899.*

MORTGAGES—*priority not affected by change of security.* Taking a new mortgage for the same debt (upon extending the time and reducing the interest) and releasing the old mortgage do not give priority to a second mortgage, recorded before the new one, which recognized the old mortgage as a prior lien in express terms.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding.

HENRY T. RAINEY, for appellant.

CHARLES A. BARNES, and JOHN A. BELLATTI, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 8, 1882, William Riggall was the owner of a tract of land and executed a mortgage on the same to Laura A. Doan to secure the payment of his note for $1700 borrowed from her. On February 24, 1890, Riggall sold said mortgaged premises to John A. McNeal for $2900, and by agreement of said parties McNeal gave his note to Mrs. Doan for said sum of $1700, due in five years and bearing interest at seven per cent, secured by a mortgage on said premises, in place of the note and mortgage given by Riggall to her, which were then taken up and the mortgage released. McNeal at the same time gave to Riggall his promissory note for a balance of $700 purchase money, due one day after date, with interest at seven per cent, and secured the same by a mortgage on the land, containing the following stipulation: "It is hereby

agreed that this is a second mortgage, and is subject and subordinate to a mortgage of same date for $1700, executed by said John A. McNeal to Laura A. Doan, and the said William Riggall agrees that the said mortgage to Laura A. Doan is and shall be prior lien in every sense." In February, 1895, when the note and mortgage made by McNeal to Mrs. Doan were coming due, he applied for an extension of the indebtedness and a lower rate of interest. This was agreed to in case she would still have a first lien on the premises. The question whether she would have such a lien was submitted to an attorney, who examined the indexes as far as the record of the mortgage to be extended, and, finding no intervening liens, reported that the mortgage would be a first lien. The mortgage to Riggall had been put on record a few days before the mortgage to which it was made subject by said agreement and was not seen by the attorney. Upon receiving the opinion of the attorney, a new note due in three years, with coupons for interest at six per cent, and a mortgage securing the same, were executed by McNeal and were recorded in substitution for the prior mortgage securing the debt, and such prior mortgage was released on the margin of the record. William Riggall died intestate April 15, 1895, and appellant was appointed administrator of his estate. Laura A. Doan died testate February 29, 1896, and by her will appointed appellees her executors. Appellant, as administrator of William Riggall, filed his bill in the circuit court of Morgan county to foreclose the mortgage for $700, with interest from its date. Appellees were made defendants with John A. McNeal, and after filing their answer exhibited their cross-bill for the foreclosure of the mortgage to said Laura A. Doan. The cross-bill was answered, and the issue made up between the parties was as to the priority of lien as between the two mortgages. The case was referred to the master in chancery, who took the evidence and reported the amounts due, and that the mortgage to

Laura A. Doan was a prior lien over the mortgage to William Riggall. Objections of appellant to this report were overruled by the master, and they were again filed in the circuit court and overruled by the chancellor. A decree was entered in accordance with the report, from which an appeal was taken to the Appellate Court, where. the decree was affirmed.

In the mortgage executed to William Riggall, which complainants in the original bill ask to have foreclosed, said Riggall agreed that it should be subject and subordinate to the mortgage executed to Mrs. Doan, which should be a prior lien in every sense, and the only controversy in the case is whether the release of that mortgage and the substitution of a new one for the same indebtedness operated to displace such priority. The question whether a change of security for the same indebtedness affects or changes priorities has been considered with reference to different rights and interests, and it has uniformly been held in this court that it does not produce such a result. In *Austin* v. *Underwood*, 37 Ill. 438, a mortgage given for a loan of money paid for the purchase of the mortgaged premises which was superior to a homestead right was released and a trust deed was executed to secure the same indebtedness. It was held that taking the trust deed was but a change of the security not affecting the rights of the parties, and that it did not let in the homestead right. In *Christie* v. *Hale*, 46 Ill. 117, Hale had a deed from Ball to secure an indebtedness and had executed to Ball a defeasance. This deed in the nature of a mortgage was a first lien, and a re-conveyance was made to the debtor and a mortgage was taken to secure the debt. At the time of this change in the security there was a judgment against Ball which was a lien on the land, and the dispute in the case was whether by that transaction the junior lien of the judgment was let in so as to become a prior lien to the mortgage. It was said that the parties had no intention to change their relative

rights but simply to put the security in different form, and it was held that there was no change in rights or priorities of the parties. In *Shaver* v. *Williams*, 87 Ill. 469, the rule that taking a new mortgage to secure the payment of the same debt and releasing the old mortgage does not give priority to another mortgage recorded before the new one, was applied to an ordinary mortgage lien and where there was no agreement as to priority. In that case the second mortgage referred to the first, and stated that it was made to secure the same indebtedness and it secured the same note, which was not given up, but the reference to the first mortgage only aids in determining the intention of the mortgagee not to lose the original lien and could add nothing to his rights. We regard the equity of Mrs. Doan in this case stronger than that of the mortgagee in that case, for here there was an express agreement of Riggall that she should have the first lien for her indebtedness. The priority among liens may be fixed by agreement of the parties at the time they are created, and that was done in this instance. Riggall was not misled or deceived and parted with nothing on the faith of the release of the first mortgage. There was no intention on the part of Mrs. Doan to release or affect in any way her right to a prior lien, and it was only on the condition that her lien should be first that the extension and change in the security were agreed to. The parties were in the same relative positions after the execution of the second mortgage as before, and we do not see why the rule enforced in the cases cited should not apply.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*