## Hattie M. Russell v. Alfred Bosworth et al.

1.  PROMISSORY NOTES—*Need Not Contain the Words " or Order."*— The statute provides that any promissory note, bond, bill, or other instrument in writing, made payable to any person named as payee therein, shall be assignable, by indorsement thereon, under the hand of such person, and of his assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee successively. It is unnecessary that it should contain the words "or order" in connection with the name of the payee.

2.  MORTGAGES—*A Mere Change in the Form of the Evidence of a Debt Will Not Affect the Lien.*—A mere change in the form of the evidence of a debt, not intended to operate as a payment but as an extension of a loan, will not affect a mortgage lien.

3.  SAME—*Release of Mortgage and Giving New Note and Trust Deed Does Not Deprive Mortgagee of Security of Old Mortgage.*—A release of a mortgage and the giving of a new note and trust deed to secure the same debt does not deprive the holder of the new security of the right to foreclose the released mortgage if there is a defect in the new security.

4.  ACKNOWLEDGMENTS—*Taken by Notary Public Named as Trustee in the Instrument, Void.*—An acknowledgment taken by a notary public who is named as a trustee in the instrument is void.

5.  EQUITY—*May Keep an Incumbrance Alive to Execute the Actual Intentions of the Parties.*—Equity will keep an incumbrance alive, or consider it extinguished, as will best serve the ends of justice and execute the actual just intention of the parties.

**Bill to Foreclose a Mortgage.**—Appeal from the Circuit Court of Kane County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

A. G. WAITE, attorney for appellant.

FRANK E. SHOPEN and FISHER & MANN, attorneys for appellees.

Mr. Presiding Justice Brown delivered the opinion of the court.

This is a bill to foreclose a real estate mortgage. There was a decree for complainant and the defendant appealed. Hattie M. Russell and Charles N. Russell, her husband, to secure an indebtedness of $2,000 to Flora E. Booth, appellee, executed a mortgage on the real estate described in the bill. Some time after the maturity of the mortgage indebtedness the Russells, for the purpose of extending the loan, executed two notes payable to Flora E. Booth, one for $2,000 and one for $60, the amount then remaining due upon the mortgage indebtedness, and to secure the same executed a trust deed of even date upon the same premises to F. E. Shopen as trustee and Alfred Bosworth as successor in trust. At the time of the execution and delivery of the trust deed Flora E. Booth delivered to the Russells a release of the mortgage in the usual form. Shopen, who was named as trustee, acted as a notary public in taking the acknowledgment of the trust deed. It is conceded that he was incapacitated to take the acknowledgment, and that the homestead rights of the Russells, for that reason, were not waived by the trust deed. Both the mortgage and the trust deed provided that if there was default of payment of any of the installments of interest the whole indebtedness might be declared due and foreclosure proceedings immediately instituted. There was such default in the payment of interest on the indebtedness evidenced by the notes secured by the trust deed. Thereupon a bill was filed in the Circuit Court of Kane County for the purpose of foreclosing the trust deed. The defendants demurred to the bill on the ground that the trust deed was void because the acknowledgment was taken by Shopen, who was named as trustee. Thereupon the complainant, by leave of court, filed an amended bill, in appropriate form, which alleged the existence of the original indebtedness, the execution of the original notes and mortgage to secure the same, the agreement to extend the indebtedness by the execution of the new notes and trust deed, and prayed that the complainant might be subrogated to her rights under the mort-

gage. Issues were joined upon the amended bill. The case was referred to the master, who took the proofs, and a decree entered in favor of the complainant subrogating her to the rights under the mortgage. This appeal is prosecuted from the rendition of that decree.

The principal question raised in argument is whether the court erred in entering a decree based upon the rights of the complainant under the mortgage. It is contended by appellant that the mortgage indebtedness was paid; that the release was predicated upon a valuable consideration, the alleged consideration being the exchange of negotiable notes for those which were not negotiable; that the change in the form of the security from a mortgage to a trust deed was at the instance of appellant for the purpose of enabling her to hold security for a loan which would not be traceable upon the records by the authorities levying assessments for the purpose of taxation; that both parties intended, considered and treated the mortgage indebtedness as paid; that the release which recited the payment of the mortgage was conclusive evidence of that fact; and that neither party to the transaction contemplated or intended that the homestead rights should be waived in the trust deed.

From a consideration of the facts disclosed by the record and the law applicable thereto we can not give our assent to any of the contentions of appellant. The proposition that the note secured by the mortgage was not negotiable, that the new notes secured by the trust deed were, and that fact constituted a valuable consideration for the release, is a misapprehension both of the facts disclosed by the record and the law applicable thereto. The bill alleges that the instrument secured by the mortgage was a promissory note. The demurrer of appellant admits that fact. The answer of defendant subsequently filed to the amended bill also admits the same fact. In Illinois a promissory note is a negotiable instrument. It is unnecessary that it should contain the words " or order " in connection with the name of the payee. The statute in force at the date of the original note provides that all promissory notes,

bonds, due bills, and other instruments in writing made or to be made, by any person, body politic or corporate, whereby such person promises or agrees to pay any sum of money or articles of personal property, or any sum of money in personal property, or acknowledges any sum of money or article of personal property to be due to any other person, shall be taken to be due and payable, and the sum of money or article of personal property therein mentioned shall, by virtue thereof, be due and payable as therein expressed. And that any such note, bond, bill, or other instrument in writing, made payable to any person named as payee therein, shall be assignable, by indorsement thereon, under the hand of such person, and of his assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee successively. Moreover, the note is described in the certified copy of the mortgage offered in evidence as one "payable to the order of Flora E. Booth."

The note secured by the mortgage bore interest at the rate of eight per cent, while the notes described in the trust deed were at the rate of seven per cent. The contention that the change of form in the security was for the purpose of enabling the complainant to elude the payment of taxes is unwarranted by the evidence. The contention that both parties treated the mortgage indebtedness as paid, that the release was conclusive evidence of payment, and that neither party to the transaction contemplated or intended that the homestead rights should be waived by the trust deed, are clearly untenable. An examination of the whole record demonstrates that there was no payment in fact, of the mortgage indebtedness; that the execution of the new notes and the trust deed were but part of an understanding between and a mode adopted by the parties to extend the payment of the mortgage indebtedness upon the same security. Both parties in their briefs filed in this court contend that the test is, did the parties intend to extend the loan upon the same security, which of necessity would include a waiver of the homestead rights. No-

where in the evidence offered by either party is there a
suggestion that such rights were to be eliminated from
the trust deed when executed. That the loan was to be
extended at a reduced rate of interest for the benefit of
appellant and upon the same security is clearly proven by
the evidence. While the acknowledgment of the trust
deed is void and fails to release the homestead rights, yet
the attempted execution thereof by appellant and her
husband conclusively evidences their intention and under-
standing that such rights were to have been waived. If,
as contended now by counsel, it was the understanding and
intention of both parties to the transaction that the home-
stead rights were not to be waived, why were the appellant
and her husband going through the usual form of making
an acknowledgment calculated to waive the same and
which would have resulted in such waiver but for the
technical reason that the notary taking the acknowledg-
ment was incapacitated to act by reason of being named
as trustee in the instrument? As bearing upon the ques-
tion of the intention of the parties is the additional fact
that the body of the trust deed contains the recital that
the homestead rights are expressly waived. Moreover the
evidence shows that at the time of the release of the
mortgage and the execution of the trust deed the com-
plainant and her husband were financially embarrassed
if not hopelessly insolvent, and that the security offered
little if any margin above the mortgage indebtedness.
Both the appellant and her husband executed the notes.
There is upon file in this case a plea setting up the dis-
charge in bankruptcy of the husband of the complainant.
It is unreasonable to suppose that under such circumstances
the complainant would voluntarily have diminished her
security to the extent of the value of the homestead rights
in the premises, in extending the loan. A mere change in
the form of the evidence of a debt, not intended to operate
as a payment but as an extension of a loan, will not affect
a mortgage lien. Salem National Bank v. White, 159 Ill.
136; Roberts v. Doan, 180 Ill. 187. Under the circum-

stances of this case the execution and delivery of the release of the mortgage and the surrender of the note secured thereby were but a formality, and in no wise affected the lien originally created by the mortgage. Campbell v. Trotter, 100 Ill. 285. The doctrine of subrogation was correctly applied by the chancellor. Equity will keep an incumbrance alive, or consider it extinguished, as will best serve the ends of justice and execute the actual just intention of the parties. Henschel v. Mamero, 120 Ill. 665. The decree was fully sustained by the evidence and administers justice. It is affirmed.