The First Trust Joint Stock Land Bank of Chicago,
Appellant, v. Horace A. Hickok et al., Appellees.

Gen. No. 9,099.

Opinion filed November 30, 1936. Rehearing denied and opinion modified January 19, 1937.

HIBBS & POOL, of Ottawa, for appellant.

BUTTERS & BUTTERS and JOHN A. BERRY, of Ottawa, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Horace Hickok was the owner of an 80-acre tract. He was indebted to his mother, Martha Hickok, in the sum of $6,000. This note was secured by a trust deed on the said 80-acre tract. This trust deed was dated February 29, 1928, and recorded March 2, 1928. One J. W. Weldon, cashier of the Troy Grove State Bank, was named as trustee in the trust deed. Weldon was in the active management of this bank. The Hickok family lived in the vicinity of the village of Troy Grove and transacted their banking business with the above bank. Weldon became instrumental in securing a loan of $8,000 from appellant for the said Horace Hickok. Hickok had purchased a 40-acre tract owned by the Zorn heirs. A mortgage was executed by him to appellant under date of August 18, 1928, which was acknowledged on September 1, 1928, and recorded on Sept. 25, 1928. This mortgage was given to secure an $8,000 indebtedness to appellant. It conveyed both the 80- and the 40-acre tracts. No money was advanced by appellant under this mortgage until March 2, 1929. On March 4, 1929, the trustee released the above $6,000 trust deed on the 80-acre tract, and at the same time took from Hickok another trust deed on both the 80- and 40-acre tracts, securing the same $6,000 indebtedness. This second trust deed was re-

corded on March 4, 1929. On April 8, 1929, the mortgage given to appellant was refiled for record and again recorded. On May 23, 1929, the trustee Weldon executed a subordination agreement in favor of appellant, which recited that the mortgage executed by Hickok to appellant should be a first lien upon the 80- and 40-acre tracts, and superior to the trust deed held by said trustee on the $6,000 indebtedness, in favor of Martha Hickok.

Appellant brought its suit to the June term, 1933, of the circuit court of LaSalle county for foreclosure under its aforesaid mortgage of August 18, 1928, against the lands therein described, which were comprised of the 80- and 40-acre tracts. Appellant alleged in its complaint that its mortgage was a first lien upon both tracts, treating the $6,000 indebtedness that was due Martha Hickok and secured by a trust deed on the 80-acre tract under date of February 29, 1928, as extinguished by the release thereof by the trustee on March 4, 1929, and treating the renewal trust deed taken on that date to secure the same $6,000 indebtedness, as a new mortgage which created no equitable rights in Martha Hickok except such as arose with the inception of the renewal trust deed executed on March 4, 1929.

Prior to the bringing of the suit by appellant, Martha Hickok died, and B. J. Dean was serving as administrator of her estate. The defendants answered, denying that appellant's mortgage was a first lien upon the 80-acre tract, claiming that the same was a junior lien to the trust deed executed by Hickok to his mother, Martha, under date of February 29, 1928, and recorded on March 2, 1928. The defendants alleged that the release of this trust deed by the trustee Weldon on March 4, 1929, was fraudulent and done without the knowledge, consent or approval of Martha Hickok, and Ethel Hickok (her daughter), who claims an interest

in the $6,000 indebtedness to the extent of $1,000. They further allege that the subordination agreement as made by the said Weldon, was fraudulent and without the knowledge, consent or approval of the defendants. The defendants filed their cross-bill setting up their claim to be the owners of a first lien upon the 80-acre tract by virtue of the trust deed executed under date of February 29, 1928. They again alleged the release thereof by the trustee on March 4, 1929, to be fraudulent and without their knowledge, consent or approval. They allege that the mortgage of appellant, although refiled for record and again recorded on April 8, 1929, did not become thereby a first lien upon the premises therein described; that the subordination agreement executed by the said Weldon to appellant was a fraud and void; and that the trust deed upon the 80-acre tract (described as the W½ of the SW¼ of Sec. 36, T35N, Range 1, E. of the 3rd P. M. in said county) executed on February 29, 1928, was a first lien on such land.

There is no controversy in this appeal with respect to the decree of the court in regard to the 40-acre tract. In respect to this land, the court found that appellant was entitled to a first lien thereon. Appellant brings this appeal from the decree of the court with respect to the 80-acre tract.

The court held that Ethel Hickok had a prior lien upon the 80-acre tract to the extent of $1,000, represented by an interest to that extent which she claimed to own in the $6,000 note given to her mother by her brother Horace Hickok on February 29, 1928, and that to this extent the trust deed of February 29, 1928, was a first lien on the 80-acre tract. The court then found that appellant was entitled to a second lien upon said 80-acre tract by virtue of its mortgage (which second lien was subject only to the above $1,000 interest of Ethel Hickok). The court next found that the administrator held a third lien upon the 80-acre tract, same

being subject to the first lien of Ethel for $1,000 and the second lien of appellant. Appellant appeals from that portion of the decree granting Ethel Hickok a first lien under the $6,000 mortgage, to the extent of $1,000. Defendants have prosecuted their cross appeal claiming that the $6,000 mortgage is a prior lien on the 80-acre tract to that held by appellant. There is no contention between the administrator and Ethel Hickok over the $1,000 interest claimed by her.

We have endeavored to confine our reference to the facts herein to such as considered necessary to disclose the contention and legal position of the parties. To attempt a further discussion would extend this opinion beyond proper lengths.

There is some contention on the part of appellant that Horace Hickok borrowed the $8,000 in order to purchase the 40-acre tract. It appears from the evidence that $2,144.80 of the sum advanced by appellant by virtue of its loan to Hickok was retained by the trustee Weldon and applied upon an indebtedness due his bank by the said Hickok.

The $6,000 note secured by trust deed on the 80-acre tract, under date of February 29, 1928, was due March 1, 1933. It is the contention of the cross complainants that the release of the mortgage of February 29, 1928, by the trustee on March 4, 1929, was fraudulent and void. It is next urged that in any event, the lien of a senior mortgage is not lost by a release thereof and the taking of a new mortgage contemporaneously, when the facts disclose that the new transaction is a mere continuation of the first and the indebtedness remains the same, and that no part of the debt is extinguished thereby. Appellant urges the release of the $6,000 mortgage by the trustee was legal and therefore that its mortgage attached to the 80-acre tract as a prior lien to the second $6,000 mortgage.

It is a general rule that the cancellation of a mortgage on the record is not conclusive as to its discharge, or as to the payment of the indebtedness secured thereby, and where the holder of a senior mortgage discharges it of record, and contemporaneously therewith takes a new mortgage, he will not, in the absence of paramount equities, be held to have subordinated his security to an intervening lien unless such intention upon his part is indicated by the circumstances of the transaction, or shown by extrinsic evidence. *Roberts v. Doan,* 180 Ill. 187; *Campbell v. Trotter,* 100 Ill. 281; *Christie v. Hale,* 46 Ill. 117; *Shaver v. Williams,* 87 Ill. 469; 33 A. L. R. 149; 98 A. L. R. 843 (with annotations covering more than 20 States). A court is not at liberty to infer facts not proven, yet it is at liberty to draw all the inferences which logically and naturally flow from the facts proven. It is not an act of reasonable prudence and caution such as men commonly use in the conduct of business affairs, for one having a first mortgage upon property, without any apparent motive, to release it, and take a new mortgage subject to a prior lien of a considerably greater amount. On March 4, 1929, the defendants below held a first mortgage on the 80-acre tract. Appellant held a first mortgage on the 40-acre tract and a second mortgage on the 80-acre tract. The evidence establishes the fact that while this situation existed, appellant advanced its money upon the indebtedness secured by its mortgage. Therefore, the appellant was in no way led to act or to refrain from acting to its prejudice, by the release of the $6,000 trust deed by the trustee on March 4, 1929, and at such time taking a renewal trust deed for the same indebtedness.

A review of the series of transactions involving appellant's mortgage would indicate that appellant was aware all did not augur well for it. Its mortgage was first recorded on Sept. 25, 1928. No money was

advanced thereon until March 2, 1929, when the loan was advanced. This was just two days before the trustee undertook to release the $6,000 trust deed and take a second one in its place. The trustee, Weldon, then either not being satisfied in his own mind, or not having satisfied appellant of a sufficiently improved legal status, undertook on May 23, 1929, to execute a subordination agreement as trustee under the $6,000 trust deed, the agreement being executed in favor of appellant, and to the effect that appellant's lien created by its mortgage, should be a prior lien to that created by the $6,000 trust deed. In this agreement the trustee mentions only the $6,000 trust deed of March 4, 1929. Such an agreement was wholly unnecessary if this renewal trust deed was to be treated as an original and new transaction, which appellant now urges, because it was subsequent to the recording of appellant's mortgage. After the above transactions, appellant's mortgage was refiled for record. The trustee did not testify on the hearing of this case. Where the evidence to prove a fact is chiefly with one party litigant, his failure to produce same cannot be said to resolve itself in his favor. *Belding v. Belding,* 358 Ill. 216, 220.

Appellant is not in the position of an innocent lienholder, or purchaser, with respect to the 80-acre tract, such as in the case of *Lennartz v. Quilty,* 191 Ill. 174. When it took its mortgage, the 80 acres were under mortgage by virtue of the $6,000 trust deed, which had long been a matter of public record. Appellant then knew that it held a second lien on the 80 acres and a first lien on the 40 acres. It advanced the money under its mortgage while the above situation existed. Shortly thereafter, the trustee released the $6,000 mortgage and at the same time took and filed for record a renewal thereof. In this manner appellant claims to have secured a prior lien on the 80-acre tract.

Appellant urges that the change in security is suffi-
cient to defeat the defendants' rights with respect to
the 80-acre tract. The renewal trust deed included
both the 80-acre and the 40-acre tracts, while the first
trust deed conveyed only the 80-acre tract. It is
the debt that controls. Here the debt remained un-
changed. A change in the security does not neces-
sarily discharge a senior mortgage. It depends upon
the equities of the case. Priority between mortgages
under such circumstances is to be determined by equi-
table considerations. In this case, the inclusion of the
40-acre tract in no way worked to the injury of ap-
pellant. It had at the time, a first mortgage on the
40 acres and a second mortgage on the 80 acres, and
continues to enjoy such rights. The defendants were
vested with a first mortgage on the 80 acres. We
do not consider that the renewal served to divest them
of this right and vest the same in appellant.

It does not appear that appellant did anything it
would not have done, or failed to do anything it other-
wise would have done, in reliance on the release of the
$6,000 trust deed. Appellant has not pointed out
wherein its rights were in any way prejudiced or
wherein it suffered any damage or injury by such re-
newal. We are not of the opinion that such renewal
created any equitable rights in appellant superior to
those previously enjoyed by it under its mortgage,
which, at the time of the renewal, vested appellant with
a first lien on the 40-acre tract and a second lien on the
80 acres.

The following cases present a persuasive analogy to
the principles involved in the case now under consid-
eration: *Campbell v. Carter,* 14 Ill. 286, 289; *Jarvis v.
Frink,* 14 Ill. 396, 398; *Richardson v. Hockenhull,* 85
Ill. 124; *Stevens v. Allman,* 68 Ill. 245; *Henschel v.
Mamero,* 120 Ill. 660, 665 (at which page the court

states: "Equity will keep an encumbrance alive, or consider it extinguished, as will best serve the ends of justice and the actual, just intent of the parties.") *Moffet v. Farwell*, 222 Ill. 543.

The appellant having in no way acted in reliance on the renewal, thereby experienced neither any change in its status, nor suffered any prejudice thereto, with reference to the land covered by its mortgage, as the same existed at the time of such renewal. In other words, the renewal of the trust deed in no way served to diminish the rights of appellant as they were then fixed by its mortgage. Under such circumstances, the defendants are entitled to have their rights protected in a court of equity. Such court has the power to adjust the equities between the parties, as the circumstances may seem to require. The release of the $6,000 trust deed and the attempt to subordinate defendants' prior lien by the subordination agreement are unavailing to effect the results urged by appellant.

The decree of the circuit court is therefore reversed and this cause remanded with directions that it modify the same to hold that the defendants have a first and prior lien on the 80-acre tract, to the amount due on the $6,000 note, and that the appellant shall have a second lien thereon.

*Reversed and remanded with directions.*