JOHN HORICON *v.* ESTATE OF DELPHINE LANGLOIS.

(66 A2d 16)

February Term, 1949.

Present: MOULTON, C. J., SHERBURNE, JEFFORDS and CLEARY, JJ., and BLACK, Supr. J.

Opinion filed May 3, 1949.

*Martin S. Vilas* and *Nicholas A. Morwood,* for the plaintiff.

*Leary & Leddy,* for the defendant.

MOULTON, C. J.   The plaintiff seeks to recover from the defendant estate upon a witnessed promissory note for $941.38, dated July 31, 1936, payable to him one year after date, which was secured by a chattel mortgage duly recorded, covering twenty-two cows, five yearlings, seven calves, one stallion, one black mare and sixty tons of hay.   The decedent died at an advanced age, on June 13, 1942.   He was unable to read or to write, at least more than his name.   The commissioners on his estate, to whom the plaintiff presented the note, disallowed the claim and an appeal was taken to the county court.   The defendant pleaded the general issue and payment.   Trial was had by jury with verdict for the defendant and the cause comes here on the plaintiff's exceptions.

The plaintiff introduced in evidence the note and the testimony of a witness showing its execution by the decedent.   He also introduced the original chattel mortgage which was in the possession of the defendant and it was produced in court upon the plaintiff's demand.   This instrument bore an unrecorded acknowledgment of discharge and satisfaction signed by the plaintiff, dated August 20, 1936.   He also introduced a certified copy of warranty deed from the decedent to the plaintiff, of the same date as the note and chattel mortgage conveying certain land in the town of Alburgh.   After this, the plaintiff rested, and the defendant moved for a directed verdict, which was overruled subject to exception.   The defendant thereupon introduced no evidence and rested, after which the plaintiff was permitted to introduce the testimony of several witnesses to the effect that on various occasions the plaintiff had made repeated demands upon decedent to pay the note, and that the latter had said that he did not have the money to do so, that he owed others besides the plaintiff and that he could not pay unless he sold some cows.   One witness testified that the decedent paid

the sum of $30 which the plaintiff indorsed upon the note, dated August 20, 1938. Also the plaintiff introduced a certified copy of the chattel mortgage, taken from the town clerk's records, which did not contain the discharge and satisfaction of August 20, 1936, as on the original, but another discharge and satisfaction signed by the plaintiff and witnessed, dated February 26, 1941, and duly recorded as of that day. As to this, one of the plaintiff's witnesses testified that the discharge and satisfaction was executed and caused to be recorded by the plaintiff as an "accommodation" to the decedent and at the latter's request.

The defendant excepted to the reception of the above testimony on the ground that it was not rebuttal, the plaintiff having rested and no evidence having been introduced for the defense, and argues that the motion for a directed verdict should be granted, and the evidence claimed to have been erroneously admitted, disregarded. It is not argued that the evidence was otherwise incompetent.

It was within the discretion of the trial court to permit the plaintiff to withdraw his rest and to introduce further evidence and the ruling is reviewable only if an abuse of discretion is made to appear. *Mott* v. *Bourgeois,* 109 Vt 514, 519, 1 A2d 704; *Perkins* v. *Vermont Hydro-Electric Corporation,* 106 Vt 367, 407, 177 A 631; *Paska* v. *Saunders,* 103 Vt 204, 214, 153 A 451. No claim is made that the defendant was taken by surprise, and there was no request for time in which to meet the evidence as in *Phelps* v. *Utley,* 92 Vt 40, 43, 101 A 1011. No abuse of discretion is shown. It is conceded in the defendant's brief that if the testimony was properly in the case, the issue of payment was for the jury.

Two exceptions briefed by the plaintiff may be considered together. They were taken to the exclusion of the testimony of Raymond Brayton, tax collector of the town of Alburgh, that the decedent's taxes for the years 1935, 1936 and 1937 were unpaid, and the exclusion of the testimony of William Lockwood, President of the Howard National Bank and Trust Company of Burlington, that a debt owed by the decedent to the Roland Phelps Estate, of which the bank was the executor, incurred prior to 1936, had not been paid. This evidence was offered as tending to show that the decedent was insolvent and could not have paid the note in suit.

A person's financial condition may be relevant, under some circumstances, upon the question whether a claimed contract

calling for the disbursement of money has in fact been entered into by him. *Kimball* v. *Locke,* 31 Vt 683, 684-5; *Frost* v. *Admr. of Frost,* 33 Vt 639, 649; *Beckley* v. *Jarvis,* 55 Vt 348, 349; *Blaisdell et al Admrs.* v. *Davis,* 72 Vt 295, 306-7, 48 A 14. Here the making of the contract, i.e. the note, is not contradicted. The issue is whether it has been paid. The defendant relies upon the holding in *First National Bank of Xenia* v. *Stewart,* 114 US 224, 5 S Ct 845, 849, 29 L ed 101, 104, that proof of the insolvency of a debtor is not competent to show non-payment of a particular debt, since "it is common for both solvent and insolvent men to pay some of their debts and to leave some unpaid." But the better rule, as we think, is stated by the late Professor Wigmore (1 Wigmore on Evidence, para. 89), that the fact that a man is destitute of property or other resources is relevant to show the improbability that he has paid a given debt. However, this statement is qualified later on in the same treatise (Vol. 1, para. 224) as follows: "Nevertheless, a line is to be drawn; for the mere failure, (for example) to pay a specific debt may be open to so many other explanations than a total lack of means . . . that it would have no appreciable probative value. There is room for much variety of circumstance in such evidence, and the discretion of the trial court should control." Adopting this principle and applying the maxim that a ruling lying in the discretion of the court will, the contrary not appearing by the record, be presumed to have been made in the exercise of such discretion (*Lancour* v. *Herald and Globe Association,* 112 Vt 471, 474, 28 A2d 396; *Parkhurst* v. *Healy's Estate,* 97 Vt 295, 296, 122 A 895), we do not find error in the exclusion of the evidence. The failure of the decedent to pay his taxes for the designated years or a debt to the bank as executor, would have little or no probative effect upon the question of the payment of a secured obligation, there being no evidence that the security had been dissipated at any time up to the date of the recorded discharge and satisfaction of the chattel mortgage. The above exceptions are not sustained.

An exception was taken to an order striking from the record the testimony of one of plaintiff's witnesses that the decedent had said that "he was in a bad enough fix." The testimony was of such slight and inconclusive character that it does not appear that prejudice resulted to the plaintiff from the ruling. *Taylor* v. *Henderson,* 112 Vt 107, 119, 22 A2d 318.

■ When the note was introduced in evidence the court ruled that the only indorsement upon its back, of $30 dated August 20, 1938, was not a part of the exhibit and should not be considered by the jury, to which the plaintiff was allowed an exception. At that time all that had been shown was the fact that the instrument had been executed by the decedent, and no evidence had been given concerning any payment thereon. The obvious ground of the exception was that a payment made in 1938 would be material upon the question whether the debt had been satisfied at the date of the unrecorded discharge of the chattel mortgage on August 20, 1936. But the correctness of the ruling must be tested by the state of the case at the time that it was made. *Conn Boston Co.* v. *Griswold,* 104 Vt 89, 97, 157 A 57, and cases cited. The indorsement was no part of the note itself, and although on proper proof of its genuineness it might become evidence of partial payment, (*McDaniels* v. *Lapham,* 21 Vt 222, 232) no such proof had been offered at the time. Error has not been made to appear.

■ Subsequently a witness on behalf of the plaintiff, who was employed in his office, testified without contradiction that she was present when, about two years after the date of the note, the decedent paid the plaintiff $30 to apply on the note, and that she then saw the indorsement and that it was in the plaintiff's handwriting with which she was familiar. The plaintiff's counsel offered to show the indorsement to the witness and proposed to ask her whether it was in the plaintiff's handwriting. The offer was excluded, subject to exception. The offered evidence should have been received, but in view of the uncontradicted testimony recited above which was material and properly admitted, the error was harmless since the plaintiff had the substantial benefit of the excluded testimony. *Perkins* v. *Vermont Hydro-Electric Corporation,* 106 Vt 367, 408-9, 177 A 631; *Bradley* v. *Kelley,* 105 Vt 478, 483, 168 A 554; *Northern Trust Co.* v. *Perry,* 104 Vt 44, 47, 156 A 906; *Merrihew's Admr.* v. *Goodspeed,* 102 Vt 206, 212, 147 A 346, 66 ALR 1109. The contention that the action of the trial court was tantamount to directing the jury that the payment of $30 was not to be considered by them is sufficiently answered by the reception of evidence concerning the transaction and by specific references to it in the charge.

■ At the close of the evidence the plaintiff moved for a directed verdict. The motion was denied subject to his exception. He argues that the weight of the evidence is so overwhelmingly in

his favor that there is no ground for opposing inferences. Of course a motion for a directed verdict is to be granted whenever it would be the duty of the court, in the exercise of a wise judicial discretion, to set aside a contrary verdict if rendered, and this principle applies where the evidence on behalf of one party so preponderates over that of his opponent that it would be an abuse of discretion to refuse to set aside a verdict for the latter. *Wellman* v. *Wales,* 98 Vt 437, 448, 129 A 317; *Neill* v. *Ward,* 103 Vt 117, 158-9, 153 A 219. But even though the evidence is undisputed, it may be of such a character as to afford ground for opposing inferences of fact and, if so, there is a jury question. *Collins* v. *Fogg,* 110 Vt 465, 469, 8 A2d 684. That is the case here. On behalf of the plaintiff we have the note, proof of its execution and, by reason of its possession by the plaintiff, of its delivery, thus making a prima facie case in his favor, *Browne* v. *Fine,* 104 Vt 221, 228, 158 A 669; evidence as to the admissions by the decedent as to his inability to pay it, tending to show that the obligation had not been discharged; evidence as to the payment of $30 indorsed on the note about two years after its date, bearing upon the claim that full payment had not been made at the time of the unrecorded discharge and satisfaction of the mortgage, August 20, 1936; and testimony that the mortgage was discharged, on the town records on February 26, 1941, by the plaintiff as an "accommodation" to the decedent, in support of the claim that the intention was merely to cancel the security and not the debt. On behalf of the defendant there is the recorded discharge and satisfaction of the mortgage, and while the cancellation of a mortgage on record is not conclusive as to the payment of the debt secured thereby and is open to explanation (*Winters* v. *Wolfskill,* 126 Pa Super, 168, 190 A 395, 397; *First Trust Joint Land Bank* v. *Hickok,* 288 Ill App 131, 5 NE2d 875, 877), it is presumptive evidence that the primary obligation has been extinguished. *Seiple* v. *Seiple,* 133 Pa 460, 466, 19 A 406, 407. There is also the fact that the original mortgage was in the possession of the defendant, from which an inference might be drawn. And, furthermore, the testimony as to the decedent's protestations that he was unable to pay the note discloses no such instance occurring after 1940, the year before the discharge and satisfaction was executed and put on record by the plaintiff. With the evidence standing in this manner, the motion was properly denied.

An exception was taken to the refusal of the court to permit

the plaintiff's counsel to proceed with a certain part of his argument to the jury. The transcript does not disclose the exact contents of the proposed argument, but enough appears to give us to understand that counsel was attempting to avoid the effect of the recorded discharge and satisfaction of the chattel mortgage, and to construe the testimony that it had been executed and recorded by the plaintiff at the request of the decedent and as an accommodation to him, by contending that since, as a matter of common knowledge, cattle die it might be assumed that this misfortune had overtaken·the mortgaged livestock and consequently the security had been lost and the mortgage rendered of no value. It was conceded, however, that there was no evidence that any of the livestock had died or disappeared.

We quite agree with plaintiff's counsel that no kind of livestock is immortal, and the argument might have some degree of force if there had been evidence tending to show the demise of the cattle before the date of the recorded discharge. But, as we have seen, there was none. The interval between the date of the mortgage and that of the discharge is not sufficient to raise a reasonable inference that any of the thirty-six animals, whose ages nowhere appear, had died in the meantime. An argument must be confined to evidence in the case and the inferences properly to be drawn from it. *Duchaine* v. *Ray,* 110 Vt 313, 321, 6 A2d 28. The exception is not sustained.

An exception was taken to the exclusion of another part of the argument on behalf of the plaintiff. Here again the substance of the argument does not appear in the record, but from what is shown therein it may be assumed that it was to the effect that since the defendant had provided no evidence that the decedent had, during his life time, tried to obtain the note from the plaintiff, an unfavorable inference might be drawn against the defendant. The argument was improper. The question is the same as that presented in *McDuffee's Admx.* v. *Boston & Maine Railroad,* 81 Vt 52, 74, 69 A 124, 130 Am St Rep 1019, wherein it is said: "The defendant had introduced no evidence in the case, but rested when the plaintiff rested, and went to the jury on the case made by the plaintiff, as it had a right to do. When it did so, no adverse presumption arose because of its omission to introduce any evidence on the trial. It is only when a party has introduced evidence upon an issue raised in the case by his own evidence, that a presumption arises against him for failure to produce evidence peculiarly within

his knowledge and possession." And in *Robins Dry Dock and Repair Co.* v. *Navigazione Libera Triestina, S. A.,* 32 F2d 209, 210-11, it is held that "the rule applicable to a party who fails to call witnesses exclusively in its control does not apply to a defendant who introduces no evidence at all. A defendant, if so advised, may well let the case go to the jury on the weakness of the evidence presented by a plaintiff who has the burden of proof, without being taken to task for failure to call certain witnesses, or have any adverse inference drawn which would not follow from an entire failure to refute the evidence introduced. In this regard a party who introduces no evidence, and has witnesses exclusively within its control stands the same as a party who introduces no evidence and has no such witnesses." The exception is unavailing.

In his brief in reply to the defendant's brief the plaintiff relies upon an exception taken to an argument by the defendant's counsel. In the plaintiff's primary brief this exception is referred to as follows: "Transcript does not make it clear what the expected argument is, so exception not briefed." This language constitutes a waiver of the exception. *Wilder* v. *Budd,* 110 Vt 240, 241, 4 A2d 348; *Harrison* v. *Harrison,* 110 Vt 254, 257, 4 A2d 348; *Valiquette* v. *Smith,* 108 Vt 121, 125, 183 A 483. The function of the reply brief is limited to answering the contentions of the defendant as made in its brief. An exception previously waived cannot be presented therein as an afterthought and so is not for consideration.

The court instructed the jury: "It has been argued here that the obligation rested upon Mr. Langlois after the indorsement was made upon the paper at any time that he could have gone to the town clerk's office and have the town clerk enter that upon the records. It happens, however, that the law is different. The obligation rests upon the mortgagee, the person to whom the mortgage is given, in the event of a discharge and satisfaction to take that mortgage and the discharge to the town clerk's office. . . . So if this was discharged at the time when the first indorsement was made, the obligation rested upon Mr. John Horicon to take that mortgage to the town clerk's office and have that indorsement recorded." It is evident, from the record, that the "indorsement" to which the court referred was the unrecorded discharge and satisfaction, written on the original mortgage, dated August 20, 1936. The plaintiff took an exception to the above instruction on the ground that it had been argued that the decedent might have done this if the note had been paid at that time, not that he was under any obligation to do so.

■ The argument on this point is not given in the record. Since the contrary does not appear we must and do assume that it was correctly stated to the jury. See *Gregg* v. *Willis,* 71 Vt 313, 320, 45 A 229. The record is to be construed against the excepting party (*Prazak* v. *Burzeiko,* 104 Vt 457, 462, 160 A 189; *First National Bank* v. *Bertoli,* 88 Vt 421, 425, 92 A 970), who has the burden of producing a record which makes it affirmatively to appear that harmful error has been committed. *Higgins,* v. *Metzger,* 101 Vt 285, 296, 143 A 394. The law is as the court defined it. Vermont Statutes, Revision of 1947, Sections 2717, 2719. The exception is not sustained.

The charge to the jury contained the following: "This claim is being prosecuted on a promissory note. The plaintiff must establish that the promissory note was signed by the decedent in his life time; that it was delivered to the plaintiff and that payment has not been made upon it. No question has been made in this case that the note has been outlawed, so if the note was created under the circumstances which I have just outlined, you may consider that the note was given by the defendant's intestate, the decedent, Mr. Langlois, to Mr. John Horicon." The plaintiff excepted to the failure to charge that the note stood uncontradicted and made out a prima facie case for the plaintiff. The defendant says that this exception was general, without any statement or indication of the grounds upon which it was taken, and does not deserve our attention but we consider that it was sufficiently explicit fairly to call the court's attention to the fault found with the charge recited above.

■ ■ This exception has merit. Execution of the note was shown by the uncontradicted evidence of a disinterested person who heard the plaintiff read the note to the decedent, saw the latter sign it and signed his own name as a witness to the signature. The delivery of the note appeared from its subsequent possession by the plaintiff which was not disputed. There was no question of fact as to these matters. Yet, by telling the jury that "if the note was created under the circumstances I have just outlined, you may consider that the note was given" by the decedent to the plaintiff, the court gave them to understand that the execution and delivery were issues for them to decide, and the instruction was misleading in this respect. This was error. As we have seen, the note was, as the plaintiff claims, prima facie evidence of the decedent's liability. And, although the point is not raised, it may be indicated that the burden of proof on the issue of payment was upon the

defendant, and not, as the charge put it, upon the plaintiff. *Scott, Admr.* v. *Bradford National Bank,* 107 Vt 226, 232, 179 A 149; *Rutland·Ry. Light and Power Co.* v. *Williams,* 90 Vt 276, 278, 98 A 85, and cases cited.

The plaintiff also excepted "to the failure of the court to charge more definitely that the sole issue in the case is whether the debt in issue was paid by the intestate during his lifetime, and that the only evidence offered by the defense tending to show payment is the discharge of the chattel mortgage."

As we have seen the charge was defective in that the execution and delivery of the note was submitted to the jury as an issue, although on the evidence the question of payment was the only one for their decision. This point has already been dealt with in connection with the previous exception. But the statement that the only evidence offered by the defense was the discharge of the mortgage was inaccurate. The defendant offered no evidence but went to the jury upon the case presented by the plaintiff, who introduced the discharged mortgage. Since the question is not likely to arise upon a subsequent trial, nothing more need be said concerning it.

The plaintiff's motion to set aside the verdict was overruled, subject to exception. So far as this motion was based upon an alleged lack of supporting evidence, what has been said regarding the denial of the motion for a directed verdict disposes of the plaintiff's contention. So far as it was addressed to the discretion of the trial court, it is sufficient to say that no abuse of discretion is apparent.

Since the error in the charge requires a reversal the entry is *judgment reversed and cause remanded.*