Filed 02/07/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03942

| Crestmark, Inc. v. James Laplante et al |
|---|

## ENTRY REGARDING MOTION

Title:        Motion in Limine  (Motion: 11)
Filer:        Kevin E. Brown
Filed Date:   December 16, 2024

The motion is GRANTED.

Defendant filed a motion in limine on December 16, 2024 seeking to preclude Plaintiff from eliciting evidence of prior unpaid debt.  Plaintiff filed an opposition on December 27, 2024.  The court took oral arguments from the parties on this motion on February 6, 2025.  At that hearing, Plaintiff's counsel confirmed he would be seeking to introduce this evidence during cross examination pursuant to V.R.E. 608(b) as evidence of Defendant's untruthfulness.

Pursuant to Rule 608(b):

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Plaintiff argues that Defendant's past history of unpaid debt demonstrates his character for untruthfulness.  The court disagrees.  As noted by the Vermont Supreme Court, "a line is to be drawn; for the mere failure, (for example) to pay a specific debt may be open to so many other explanations that a total lack of means * * * that it would have no appreciable probative value." *Horicon v. Langlois' Est.,* 115 Vt. 470, 474, 66 A.2d 16, 19 (1949).  There are many reasons a person does not pay a debt and the court cannot conclude that simply not paying a debt constitutes a character for untruthfulness.  This is not a case where the Plaintiff is alleging that Defendant made false statements about this prior debt or used fraud to obtain the debts in the first place, which could be relevant.  *See e.g. Certain Underwriters at Lloyd's London Subscribing to Policy No. LL001HI0300520 v. Vreeken,* 133 Hawai'i 449 (Ct. App. 2014) ("The evidence that Wengler had a bankruptcy petition dismissed due to his failure to provide 'complete and truthful information' and

that a bankruptcy court had found that he had incurred debts through false pretenses, misrepresentations, or fraud is probative of Wengler's character for untruthfulness..").  Here, Plaintiff simply argues the fact that Defendant has prior unpaid debts is and of itself enough to demonstrate his character for untruthfulness.  The link between unpaid debts and truthfulness is too tenuous to demonstrate a character of untruthfulness.

For the foregoing reasons, Plaintiff is precluded from inquiring into Defendant's prior unpaid debt during cross-examination unless the debt itself was the result of fraud or the Defendant lied about the unpaid debt in some capacity.

Electronically signed on February 7, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*

_____

Alexander N. Burke
Superior Court Judge